221 So.2d 214 (1969)
SUPERIOR UNIFORMS, INC., a Florida Corporation, Appellant,
v.
Herman BROWN, Appellee.
No. 68-975.
District Court of Appeal of Florida. Third District.
April 8, 1969.
Heiman & Crary, and Richard Reckson, Miami, for appellant.
Dean, Adams, George & Wood, and Don R. Livingstone, Miami, for appellee.
Before CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
This is an appeal from a judgment entered by the trial court subsequent to our decision in Superior Uniforms, Inc. v. Brown, Fla.App. 1968, 211 So.2d 50. The history of this cause and the trial judge's findings of fact and conclusions of law are set out fully in that decision.
After our mandate issued, the appellee filed in the trial court a pleading entitled *215 "Motion for Judgment on Accrued Installments". This unverified motion stated:
"Defendant respectfully represents unto the Court as follows:
"1. That the District Court of Appeal, Third District, has duly rendered its decision and judgment affirming the final judgment rendered in this cause, and the Mandate of said District Court was issued and mailed to the Clerk of this Court on June 25, 1968.
"2. That since the entry of final judgment in this cause on July 27, 1967, thirteen (13) additional monthly installments, covering the period September 1, 1967, through September 1, 1968, have come due, said installments accruing at the rate of $648.00 per month and being of the aggregate amount of $8,424.00.
"3. That the foregoing amount represents a part of the balance of the purchase price remaining unpaid by plaintiff to defendant, which has come due during the interval from the entry of final judgment to the date of this motion, and for which amount this Court has previously found plaintiff liable to defendant.
"4. That interest is also due and owing on the aforesaid amount at the rate of 5% in accordance with the agreement between the parties.
"WHEREFORE, defendant prays the entry of a money judgment in the sum of $8,424.00 plus interest in the amount of $223.30 representing additional monies due defendant in accordance with the final judgment heretofore entered in this cause."
After holding a hearing on the motion, the court entered its judgment which provided
* * * * * *
"2. That the Motion for Judgment on Accrued Installments be and the same is hereby granted, and defendant-counter-plaintiff, HERMAN BROWN, shall have and recover from plaintiff-counterdefendant, SUPERIOR UNIFORMS, INC., the sum of $8,424.00, as accrued installments on the purchase price due for the period September 1, 1967 through September 1, 1968, with interest thereon in the sum of $223.30, for which let execution issue."
On this appeal the only substantial question presented is whether the trial court (because in the final judgment we affirmed previously it had made a general reservation of jurisdiction to do all things necessary and proper to enforce its final judgment) had jurisdiction to enter the judgment for accumulated installments without further trial of the cause, that is, without requiring pleadings and without taking evidence. Appellee points out that the final judgment affirmed by this court and quoted at length at 211 So.2d 50 specifically found that Superior was liable to Brown for the balance of the purchase price for Brown's business and agreement not to compete. In addition, that judgment found that Superior was in equity required to pay Brown all sums owing and unpaid for the purchase of Brown's former business. These sums were represented by promissory notes. Payment of the promissory notes was not accelerated. When the motion for accumulated installments on the note was presented to the trial court some of the payments under the note were delinquent.
A court has the power to enforce its judgments by appropriate action even if it has not expressly reserved jurisdiction to do so. Coggan v. Coggan, Fla.App. 1966, 183 So.2d 839. But it does not have the power to impose upon a party a new duty not previously adjudicated. Augusta Corporation v. Strawn, Fla.App. 1965, 174 So.2d 621, and cases cited therein. It is our opinion that the effect of the judgment appealed from is to impose upon the appellant a new duty not previously adjudicated; we therefore reverse that judgment.
*216 A second aspect of this appeal deserves comment. The record before us does not make clear whether the trial court took evidence during the hearing on the Motion for Judgment on Accrued Installments. If it did not take evidence, it acted improperly. Cf. All Florida Surety Company v. Vann, Fla.App. 1961, 128 So.2d 768. Proceedings ancillary to a judgment previously entered should be instituted by a pleading which sets forth facts the pleader thinks entitle him to additional relief. The opposing party should then be given an opportunity to respond. See Cortina v. Cortina, Fla. 1957, 98 So.2d 334, 336. If an issue of fact is formulated then the court may proceed to judgment as in other cases.
This reversal shall not prejudice the right of the appellee to obtain relief by instituting proper proceedings.
Reversed.