HENDRY, Judge.
Cyrilla Ann Harrell appeals from a post dissolution, post partition sale, order determining credits to be allocated between the parties from the proceeds of the sale. We affirm in part, reverse in part and remand with direction to allocate husband’s credits in accordance with this opinion.
The marriage of Cyrilla Ann and John W. Harrell was dissolved on June 14, 1985. The final judgment determined the Harrells to be tenants in common of several pieces of real property and responsible in equal amounts for all expenses, including mortgages, taxes, maintenance and repairs on their townhouse, 2½ acres of unimproved land, and the marital residence. The husband was found to have a special equity in the marital home in the amount of $69,000. The wife was awarded $110,000 lump sum alimony payable by the husband at the rate of $15,000 per year, with the first payment due three months after the entry of the final judgment and continuing yearly until the balance of the $110,000 was paid in full, without interest. In the event that any of the jointly owned properties was sold, that portion of funds received for the husband’s interest was to be credited against the balance due and owing on the lump sum alimony.
A property partition sought by the parties was also granted. Jurisdiction was reserved by the court to effectuate the sale of the properties, to determine fees and to enforce the judgment, Orders to force the sale of the acreage, the marital residence, its furniture and furnishings, were sought by John Harrell. In her response, Mrs. Harrell pointed out that no jurisdiction had been reserved by the court to consider the sale of the personalty.
Nevertheless, an order of partition entered on January 22, 1986, which appointed a special master and provided that costs of the sales shall be borne equally by the parties, also contained a reservation of jurisdiction (later vacated) to order a sale of the personalty. Published notices of sale dealt solely with the realty.
During the sale, at which the Harrells were the only bidders, John Harrell was permitted by the court to bid his special equity in the marital home in addition to his half interest. Mrs. Harrell was denied a similar use of the alimony owed her. A cash payment of $15,000 was made by the husband for the marital home and acreage, while the townhouse was purchased by his former wife for $4,000 cash.
At a hearing on the motion to determine credits for the expenses to be equally divided pursuant to the final judgment, Mr. Harrell sought, in addition to the items listed in his motion, credit for the furniture and furnishings removed from the marital home by Mrs. Harrell when she transferred domicile to the townhouse. The former husband testified that while he did not know the present condition of the property for which he sought credit, nor its current value, in several instances he had given replacement costs for items known to be several years old. No appraisers were called for valuation. With the 1986 alimony payment due, the parties requested that the court determine whether the former husband would be permitted to use his credit as the 1986 payment, as he desired, or whether it would be deducted from the balance due as called for in the final judgment.
The court entered its order awarding credits that included prorated 1986 taxes favoring the husband on the properties he *1304 purchased, and a determination of the value of the personalty removed from the marital home to be $26,908. It found the husband entitled to one-half of that amount, which he could credit against the front end of the lump sum alimony, thereby relieving him of the 1986 payment and permitting only a partial payment in 1987.
This appeal follows that order.
By the terms of the final judgment of dissolution of marriage, “In the event any of the jointly owned properties, to wit: the former marital residence, the townhouse or the unimproved land, are sold, the Husband shall pay to the Wife the funds he receives for his interest to be credited against the balance, if any, at that time due and owing on the lump sum alimony awarded herein. All funds paid by the Husband to the Wife shall accordingly reduce the balance of $110,000 due to the Wife.” In keeping with this order the sum of $15,195 credited to John W. Harrell, for his interests in the master’s sale and property expenses incurred, shall be credited so as to reduce the balance of the lump sum alimony owed to Mrs. Harrell. Consequently, that portion of the order which allowed Harrell’s $15,195 credit to be applied “up front” is reversed. The trial court was bound by the language of the prior final judgment and should not have modified the payment terms, even though the order may have more fully expressed the court’s intentions. Nahoom v. Nahoom, 341 So.2d 257 (Fla. 3d DCA 1977); accord Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963); see Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979).[1]
The final judgment of dissolution contained language reserving jurisdiction to determine fees, to enforce the judgment, and to order a forced sale of the real property. Consequently, the trial court was without jurisdiction to award a credit for personalty removed by Mrs. Harrell from the former marital home where the final judgment failed to reserve judgment to partition the personalty or to force a sale by the parties. In effect, the trial court made a determination of the appropriateness of the sale of the personalty and then forced the wife to buy it by reducing her alimony by what he found to be one-half its “value”.
The law in Florida is clear, once property rights of the parties have been established in a final judgment of dissolution, a chancellor may not subsequently enter post judgment orders redetermining those rights. Schneider v. Schneider, 296 So.2d 77 (Fla. 3d DCA 1974). See also Boswell v. Boswell, 352 So.2d 91 (Fla. 4th DCA 1977) (order held void for lack of jurisdiction as property rights may not be adjudicated where not determined in final judgment and without reservation of jurisdiction). Once a trial court enters a final judgment and the time for filing post-trial motions has expired, the trial court may not, absent factors, see, e.g., Fla.R.Civ.P. 1.540, entertain any further motions in the case unless it specifically retained jurisdiction to do so in its final judgment. Frisard v. Frisard, 468 So.2d 399 (Fla. 4th DCA 1985). The within personal property continues to be held as a tenancy in common subject to partition upon the filing of a proper supplemental complaint containing the essential allegations and notice requirements of section 64.041, Florida Statutes. Absent that petition, the court lacks authority to order the property sold. Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981); Di Martino v. Di Martino, 360 So.2d 1133 (Fla. 3d DCA 1978).
That portion of the order under review crediting expenses is affirmed; the portion crediting husband with one-half interest in the master’s sale proceeds is affirmed; the *1305 portion entitling husband to recover for personalty is reversed. The portion of the order which applied the husband’s credits against the wife’s 1986 lump sum alimony installment is to be amended in accordance with this opinion which directs such credits to be applied to the balance due of the total amount awarded.
Affirmed in part, reversed in part and remanded.

. In Mason, 371 So.2d at 226, a wife was ordered to prepare two lists of personalty, and the husband was to be permitted to choose one. She moved for partition instead and it was granted. The appellate court reversed, finding that the lower tribunal was without jurisdiction to alter rights set forth in a prior judgment.