739 So.2d 633 (1999)
Julie Lynn HUML, Appellant,
v.
Alan Brent COLLINS, Appellee.
No. 98-2905.
District Court of Appeal of Florida, Third District.
July 7, 1999.
Rehearing Denied September 22, 1999.
*634 Gautier & Kavulich and Jerome J. Kavulich, for appellant.
Hershoff, Lupino, DeFoor & Gregg and Jay Hershoff, Tavernier, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Appellant, former wife, appeals from an Order dismissing with prejudice her Amended Motion to Enforce the Final Judgment and Marital Settlement Agreement ("Motion to Enforce the Final Judgment"). We reverse.
Former wife seeks to enforce a provision of the Final Judgment of Dissolution of Marriage that requires that former husband pay her $25,000 upon the sale of the parties' Key Largo property "or no later than July 1, 1997." Because an express reservation of jurisdiction was not made in the Final Judgment of the Dissolution of Marriage, the trial court found that it did not have jurisdiction over the matter and granted former husband's Motion to Dismiss. We disagree.
It is axiomatic that a trial court always has the inherent jurisdiction to enforce its previously entered orders. See Kennedy v. Kennedy, 638 So.2d 577 (Fla. 3d DCA 1994); Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994); Gutjahr v. Gutjahr, 368 So.2d 93, 94-95 (Fla. 3d DCA 1979); Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628, 629 (Fla. 3d DCA 1975); Superior Uniforms, Inc. v. Brown, 221 So.2d 214, 215 (Fla. 3d DCA 1969); Coggan v. Coggan, 183 So.2d 839, 841 (Fla. 2d DCA 1966). Accordingly, we hold that it was error for the trial court to dismiss the former wife's Motion to Enforce the Final Judgment.
Reversed.