998 So.2d 1182 (2008)
Steven R. ERICKSON and Kathryn R. Erickson, his wife, Appellants,
v.
Sherry L. ERICKSON, Appellee.
No. 1D07-3615.
District Court of Appeal of Florida, First District.
December 31, 2008.
*1183 Kevin K. Dixon of Kevin K. Dixon, P.A., Inverness, for Appellants.
G. Cline Moore of G. Cline Moore, P.A., Perry, for Appellee.
PER CURIAM.
Appellants seek review of an "Order on Emergency Motion for Enforcement and Clarification of Final Judgment, Contempt and for Injunctive Relief" entered by the trial court in an effort to enforce an earlier final judgment entered by the trial court determining ownership of real property. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4).
Appellants claim the order is the equivalent of an injunction, entered after the trial court had lost jurisdiction. However, it is apparent from the order that the trial court's intent was merely to prevent appellants from harassing appellee by preserving the parties' positions as they had existed on the date the final judgment was entered until a survey necessary to determine the boundaries of the property to be deeded to appellee could be completed. "It is axiomatic that a trial court always has the inherent jurisdiction to enforce its previously entered orders." Huml v. Collins, 739 So.2d 633, 634 (Fla. 3d DCA 1999) (citations omitted). This is true regardless of whether the court has expressly reserved jurisdiction to do so. Superior Uniforms, Inc. v. Brown, 221 So.2d 214, 215 (Fla. 3d DCA 1969) (citation omitted). When, as here, the judgment to be enforced is equitable in nature, a trial court possesses broad powers. Lascaibar v. Lascaibar, 715 So.2d 1042, 1043 (Fla. 3d DCA 1998). The trial court did not exceed the scope of those broad powers. Accordingly, the "Order on Emergency Motion for Enforcement and Clarification of Final Judgment, Contempt and for Injunctive Relief" is affirmed.
AFFIRMED.
WEBSTER, DAVIS, and HAWKES, JJ., concur.