SUAREZ, J.
 

 Matthew J. Nieves (“Nieves”) appeals from two orders entered the same day after the same hearing- — one order granting Crawford’s Motion to Enforce Partial Summary Judgment and the other, an Order Denying Nieves’ Motion for Rehearing and Motion for Relief from or to Vacate Partial Summary Judgment as to Specific Performance Dated March 5, 2008. We affirm in part and reverse in part because the trial court had jurisdiction to enforce its previous order granting specific performance but did not have jurisdiction to declare Nieves in default of the contract in question or to order Nieves to forfeit his $40,000 deposit as the issues had not been pled or noticed for hearing.
 

 In February 2006, Nieves and Carl Crawford entered into a contract, whereby Carl Crawford agreed to sell commercial real property to Nieves.
 
 [1]
 
 On the day the
 
 *876
 
 closing was to have taken place, three lis pendens were filed against the property. The closing did not occur. The closing did not occur from that point forward, even though the contract was still in effect, due to numerous and successive suits, motions, and complaints filed by third parties claiming interest in the property. Nieves declared, during the litigation, that he remained ready, willing and able to close and filed a motion for partial summary judgment for specific performance of the contract requesting the trial court to enforce the contract so that a closing could take place. The trial court granted the motion but no closing took place. In March 2007, the trial court denied an intervenor’s emergency motion for rehearing and to stay the granting of the partial summary judgment. The trial judge stated, again, that Nieves could close pursuant to the contract. Thereafter, this Court, upon motion by an intervenor, granted a stay pending the outcome of a Petition for Writ of Mandamus. We denied the Petition in July 2007, and lifted the temporary stay. The third party intervenors then took voluntary dismissals leaving only Nieves and Carl Crawford in the litigation. Nieves still did not close although he stated that he was ready, willing and able to do so.
 

 Nieves filed a Motion to Amend Partial Summary Judgment in January 2008 — no longer seeking specific performance, but rather, damages, attorney’s fees, taxable costs, and the return of the $40,000 deposit with interest. Carl Crawford responded by filing a Motion to Enforce Nieves’ Partial Summary Judgment for specific performance. The trial court denied Nieves’ motion; however, it allowed him to file a Motion for Rehearing within ten days.
 

 Nieves filed a Motion for Rehearing and Motion for Relief From or to Vacate Partial Summary Judgment as to Specific Performance in March 2008. At the hearing on his motion, the only motion noticed for that day, the trial court denied Nieves’ motions and rejected his claim for damages. The trial judge found that Nieves was at fault for the delay regarding the closing and granted Carl Crawford’s Motion to Enforce the Specific Performance Order; found Nieves in default of the contract; and ordered that Nieves’ $40,000 deposit be disbursed to Carl Crawford. This appeal followed.
 

 Nieves contends on appeal that the trial court violated his due process rights when it entered orders on Carl Crawford’s motion that had not been noticed for the hearing at which the rulings were made. Although Carl Crawford’s Motion to Enforce Partial Summary Judgment of Specific Performance was not noticed for hearing, the trial court’s ruling on that issue was not violative of Nieves’ due process rights. The trial court was enforcing its previously entered order wherein the trial judge had granted Nieves’ motion for specific performance. The tidal judge had inherent authority to do so.
 
 See Huml v. Collins,
 
 739 So.2d 633 (Fla. 3d DCA 1999);
 
 see also Brill v. Brill,
 
 905 So.2d 948 (Fla. 4th DCA 2005) (determining that the appellant’s due process rights were not violated when the trial court heard the appellee’s motion without notice because the motion was one to enforce judgment). Therefore, we affirm that part of the trial court’s order enforcing partial summary judgment.
 

 The trial court did not have jurisdiction to find Nieves in default of the contract or to order the $40,000 deposit to be disbursed to Carl Crawford. Crawford did not notice for hearing or file pleadings requesting this relief. It is generally a
 
 *877
 
 violation of due process for the court to determine matters not noticed for hearing and not pled.
 
 Brill,
 
 905 So.2d at 948. Unlike the issues relating to specific performance, the default and forfeiture of the $40,000, having not been raised or adjudicated, violated Nieves’ due process rights.
 

 Accordingly, we affirm in part the trial court’s order enforcing its previous grant of specific performance and reverse the portion of the order requiring the $40,000 to be placed in the lawyer’s trust account or in the court registry.
 
 [2]
 

 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
 

 [1]
 

 . For the sake of brevity we have tried to give a very brief summary of the procedurally confusing paths this matter has taken. After our review of the record, we can understand the
 
 *876
 
 frustration the trial judge must have experienced.
 

 [2]
 

 . We also affirm that portion of the trial court’s order denying Nieves’ Motion for Rehearing and Motion for Relief from or to Vacate Partial Summary Judgment as to Specific Performance Dated March 5, 2008, as the issue was pled and properly noticed.