PER CURIAM.
 

 Alec Ross appeals the trial court’s July 15, 2009 non-final order granting Kenneth Damas’ motions to vacate a February 13, 2009 final judgment foreclosing a judgment lien, to set aside a May 28, 2009 foreclosure sale, and to vacate a clerk’s default against Wells Fargo Bank, N.A. We reverse because the trial court had no basis on which to grant the motions.
 

 Before the subject action of this appeal was filed in the trial court, Ross obtained a summary final judgment of foreclosure against Zion Tarazi on July 10, 2007. That action involved a second mortgage Ross held on commercial property located in Broward County. Paragraph 10 of that final judgment also awarded Ross money damages on the unpaid mortgage note and directed the Clerk of the Broward County Circuit Court to issue a writ of execution against Tarazi in the amount of $212,526.82. On August 20, 2007, Ross recorded a certified copy of this final judgment in the public records of Miami-Dade County.
 

 To induce Ross to refrain from collecting on this judgment, Tarazi’s wife quit-claimed a condominium unit she owned in Miami-Dade County (the subject real property) to Tarazi on December 20, 2007. Instead of writing up a mortgage and paying documentary stamps and fees, Ross and Tarazi agreed to secure the collateral this way because the recorded certified final judgment would be an enforceable lien on the property in Miami-Dade County. On or about September 26, 2008, Wells Fargo, became the owner of this subject property at a foreclosure sale resulting from a mortgage foreclosure action it had filed against Tarazi about three months after his wife’s quit-claim deed to him was recorded. Ross had not been
 
 *203
 
 named a party or made a defendant in those proceedings.
 

 After discovering this change in ownership, Ross filed in the Circuit Court in Miami-Dade County his lien foreclosure complaint against Wells Fargo to foreclose his judgment lien on the real property. Although Tarazi and Venture at Ventura East Condominium Association, Inc. (the condominium association) were originally named as defendants, they were all dropped as parties before the February 13, 2009, default final judgment was entered against Wells Fargo, as is noted in the second paragraph of the February 13, 2009 Final Judgment.
 

 Ross’ complaint was served on Wells Fargo’s registered agent in Tallahassee, Florida on January 8, 2009, by the Leon County Sheriff. Wells Fargo never responded to the complaint. Accordingly, the Clerk of Circuit Court in and for Miami-Dade County defaulted Wells Fargo on February 11, 2009.
 

 Ross mailed Wells-Fargo at the office of its registered agent, a copy of his motion for default final judgment against Wells Fargo and the Notice of Hearing. Wells Fargo did not respond. On February 13, 2009, the trial court entered Final Judgment against Wells Fargo and in favor of Ross. However, on April 3, 2009, the trial court sua sponte appointed Kenneth Da-mas, Esq., as attorney ad-litem, guardian ad-litem and administrator for Tarazi, his unknown spouse, hems, etc. Tarazi had previously been dropped as a party defendant.
 

 On April 14, 2009, Ross filed a motion to vacate the order appointing the attorney ad litem, etc. The trial court summarily denied the motion the next day. Damas filed a Motion to Vacate Plea and Re-set for Trial, in which he sought to vacate the February 13, 2009 final judgment against Wells Fargo. On May 28, 2009, the foreclosure sale took place as scheduled. The Certificate of Sale was mailed by the Clerk to Wells Fargo on that date, and on June 9, 2009, the Clerk issued the Title Certificate and mailed that to Wells Fargo. On June 11, Damas filed his emergency motion to vacate the judicial sale. This was heard on July 15. The trial court thereafter granted the motion to vacate the judgment and vacate the foreclosure sale. The trial court also vacated the clerk’s default against Wells Fargo. Ross then appealed.
 

 The trial court’s appointment of the attorney ad-litem was post-judgment, after the trial court had lost jurisdiction over the matter. In addition, Tarazi had already been dropped as a party-defendant, thus he had no interest in the real property. Wells Fargo was the only party which had standing to move to vacate the judgment and sale, but it did not file anything. Damas lacked standing to make arguments on behalf of a non-party who had no interest in the real property. Tarazi would be adversely affected as the unsatisfied $200,000 judgment debt to Ross would remain unpaid. No written defenses of any kind have ever been filed by anyone.
 

 In addition, it is clear that the trial court lacked jurisdiction to appoint an attorney ad-litem and guardian ad-litem post judgment for a non-party. Thus, all orders entered at the request of this attorney must be reversed. In a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case.
 
 Patin v. Popino,
 
 459 So.2d 435 (Fla. 3d DCA 1984). The court loses jurisdiction, unless jurisdiction was reserved to address that matter or the issue is allowed to be considered post-judgment by statute or under a provision of the Florida Rules of Civil Procedure.
 
 Bank One v. Batronie,
 
 884 So.2d
 
 *204
 
 346 (Fla. 2d DCA 2004). Here, the trial court appointed Damas two months after the final judgment was entered.
 

 Accordingly, we reverse the trial court’s July 15, 2009 non-final order granting motions to vacate the February 13, 2009 final judgment foreclosing a judgment lien, to set aside the May 28, 2009 foreclosure sale, and to vacate the clerk’s default against Wells Fargo. We remand for the trial court to reinstate the clerk’s default, the final judgment against Wells Fargo, the May 29, 2009 judicial sale, and the certifí-cate of title.
 

 Reversed and remanded.