RAMIREZ, J.
FNS4, LLC appeals an order setting aside a foreclosure judgment and sale. Because the motion to set aside the judgment was untimely, we reverse.
Matthew Valencia owned a condominium at Mark Yacht Club on Brickell Bay. The property secured a mortgage assigned to Security Bank, N.A. In late 2008, the homeowner stopped paying the mortgage and the association fees on the condominium. The bank and the association filed separate actions to foreclose on their liens. Both excluded the other as a defendant in their action. The resulting judgments did not provide for the other’s interest in the property. The bank obtained a final judgment in the amount of $222,333.17 and purchased title to the property at the foreclosure sale in its action. Thereafter, the association received a final judgment for $19,411.24 in its action, and FNS4, LLC purchased the property for the judgment amount.
Fourteen months after obtaining its judgment, the bank moved to set aside the final judgment of foreclosure. Although not cited, we know of no other authority for setting aside a final judgment after ten days other than under Florida Rule of Civil Procedure 1.540(b). The bank also requested leave to amend its foreclosure complaint to include the association. In this appeal, FNS4, LLC seeks review of the order granting the requested relief.
Rule 1.540(b) states that a motion for relief from judgment for “mistake, inadvertence, surprise, or excusable neglect” must be filed “not more than 1 year after the judgment ... was entered or taken.” After the one year, the trial court loses jurisdiction to amend the judgment. See, e.g., Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So.2d 242, 246 (Fla. 4th DCA 2006); Mocegui v. Pub. Serv. Mut. Ins. Co., 821 So.2d 1189, 1191-92 (Fla. 3d *216 DCA 2002). Here, the motion to set aside the judgment was filed over one year after it was entered. Thus, the motion was untimely, and should have been denied.
Accordingly, we reverse the motion setting aside the final judgment, without prejudice to the bank filing a separate action to reforeclose on its mortgage. See Quinn Plumbing Co. v. New Miami Shores Corp., 129 So. 690 (Fla.1930); Mid-State Inv. Corp. v. Fort Walton Land Dev. Co., 145 So.2d 289 (Fla. 1st DCA 1962).
Reversed and remanded.