EMAS, J.
Alec Ross (“Ross”) appeals a non-final order which reinstated Wells Fargo Bank’s (“Wells Fargo”) post-judgment re-foreclosure proceedings against Ross, after that re-foreclosure action had been dismissed for lack of prosecution. We reverse because the trial court lacked subject matter jurisdiction to permit the post-judgment re-foreclosure proceeding.
On March 21, 2008, Wells Fargo filed a Mortgage Foreclosure Complaint against Zion Tarazi, (“Tarazi”). On July 8, 2008, Wells Fargo obtained a final judgment of foreclosure against Tarazi. On November 24, 2008, Wells Fargo filed a motion for leave to file a supplemental complaint to assert a cause of action for re-foreclosure against Tarazi, and to add Ross as a defendant. The trial court granted Wells Fargo’s motion on December 3, 2008. Thereafter, the trial court entered, and later vacated, an order dismissing the re-foreclosure for lack of prosecution. Ross ap *257 peals the trial court’s order vacating the dismissal order and reinstating the re-foreclosure action, contending that the trial court was without subject-matter jurisdiction to permit the post-judgment re-foreclosure action to proceed.[1]
 Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment. Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The court retains jurisdiction to the extent such is specifically reserved in the final judgment or to the extent provided by statute or rule of procedure. Ross v. Damas, 31 So.3d 201 (Fla. 3d DCA 2010); Harrell v. Harrell, 515 So.2d 1302 (Fla. 3d DCA 1987). In the instant case, the trial court entered a final judgment of foreclosure against Tarazi on July 8, 2008. That final judgment contained only a general reservation of jurisdiction: “The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession and deficiency judgments.” The final judgment did not retain jurisdiction to allow for a supplemental complaint to add an omitted party post-judgment. In permitting such a supplemental post-judgment proceeding, the trial court acted in the absence of jurisdiction.[2] Travelers Cas. & Sur. Co. of Am. v. Sidman, 103 So.3d 900 (Fla. 2d DCA 2012); Damas, 31 So.3d at 203; Patin, 459 So.2d at 436. Therefore, the December 3, 2008 order granting Wells Fargo’s motion for leave to file a supplemental complaint to add Ross as a party, the order dismissing the re-foreclosure for lack of prosecution, and the subsequent order vacating that dismissal, are each a nullity.
We reverse and remand with directions to vacate these three orders, to reinstate the final judgment entered on July 8, 2008, and for further proceedings consistent with this opinion.[3]

. Because we hold the trial court had no jurisdiction to permit the re-foreclosure proceeding, we do not reach Ross’s second claim — that the trial court abused its discretion in vacating the order dismissing the re-foreclosure for lack of prosecution.

. Wells Fargo argues that Ross’s jurisdictional argument was not properly preserved below and cannot be raised for the first time on appeal. This argument is without merit. See Colucci v. Greenfield, 547 So.2d 224 (Fla. 3d DCA 1989) (holding that the trial court's subject matter jurisdiction may be raised at any time); accord Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986).

.Our decision is without prejudice to Wells Fargo filing a separate foreclosure action against the previously-omitted defendant. FNS4, LLC v. Security Bank, N.A., 88 So.3d 215 (Fla. 3d DCA 2011); Abdoney v. York, 903 So.2d 981 (Fla. 2d DCA 2005).