# Third District Court of Appeal

## State of Florida

Opinion filed July 16, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1672
Lower Tribunal No. 09-95043
_____


**Central Mortgage Company,**
Appellant,

vs.

**Linda M. Callahan, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Brock and Scott, PLLC, and Shaib Rios (Fort Lauderdale), for appellant.

Paige Law Group, P.A., and Robert E. Paige, for appellees Old Cutler Lakes by the Bay Community Association, Inc., Windy Pointe Homeowners Association, Inc., and Windy Pointe Condominium Association, Inc.


Before SUAREZ, LAGOA, and LOGUE, JJ.

LAGOA, J.

Central Mortgage Company ("Central") appeals from a final order denying

its post-judgment motion for a determination of assessments due to Old Cutler

Lakes by the Bay Community Association, Inc., ("Old Cutler"), Windy Pointe Homeowners Association, Inc., ("Windy Point H.O.A."), and Windy Point Condominium Association Inc., ("Windy Point Condo") (collectively, the "Associations"). Because the trial court lacked jurisdiction to entertain the motion, we affirm.

I.    FACTUAL AND PROCEDURAL HISTORY

In 2009, Central filed an action to foreclose a mortgage after the borrowers defaulted on the underlying loan. Central named the borrowers and the Associations as defendants. In its Answer, the Associations asserted entitlement to assessments pursuant to sections 718.116 and 720.3085, Florida Statutes (2013).

On October 4, 2011, the trial court entered final judgment of foreclosure in favor of Central. Paragraph 4 of the final judgment states that Central's lien is "superior in dignity to any right, title, interest or claim of the defendants" with the exception of any assessments that are superior pursuant to section 718.116. The trial court reserved jurisdiction "to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments."

Central was the successful bidder for the property at auction and was issued a certificate of title. Upon receiving title, Central requested estoppel letters from the Associations to determine past due assessments, late charges, costs and attorney's fees. Old Cutler claimed $6,186.40, with assessments dating back to July 2008; Windy Pointe H.O.A. claimed $9,072.40, with assessments dating back

2

to January 2010; and Windy Point Condo claimed $11,975.36, with assessments dating back to September 2008.

On March 13, 2013, Central filed a post-judgment motion seeking a determination of the amount due to the Associations. The motion was filed outside the ten-day period provided by Florida Rule of Civil Procedure 1.530(g).[1] The trial court denied the motion, and this appeal ensued.

II.     ANALYSIS

The issue before us is one of first impression. Specifically, whether a trial court's inherent jurisdiction to enforce its judgment includes the authority to determine statutory assessments where the time to alter, modify, or vacate the judgment has elapsed and the judgment provides for only a general reservation of jurisdiction.[2]

"In a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case . . . unless jurisdiction was reserved to address that matter or the issue is allowed to be considered post-judgment by statute or under a provision of the

---

[1] The Supreme Court of Florida subsequently amended Rule 1.530(g) to provide that the motion must be served no later than fifteen days after entry of the judgment. In re Amendments to Fla. Rules of Civil Procedure, 131 So. 3d 643, 651 (Fla. 2013) (amended rule effective January 1, 2014).

[2] "[W]hether a court has subject matter jurisdiction involves a question of law that is reviewed de novo." Nissen v. Cortez Moreno, 10 So. 3d 1110, 1111 (Fla. 3d DCA 2009).

3

Florida Rules of Civil Procedure." Ross v. Damas, 31 So. 3d 201, 203 (Fla. 3d DCA 2010) (citation omitted). It is undisputed that there is no specific reservation to determine the amount of any assessments owed to the Associations.

Central argues that notwithstanding Damas, the trial court had inherent jurisdiction to adjudicate its post-judgment motion for assessments. In support of its argument, Central cites Huml v. Collins, 739 So. 2d 633, 634 (Fla. 3d DCA 1999), where this Court held "a trial court always has the inherent jurisdiction to enforce its previously entered orders." Central's reliance on Huml is misplaced; Huml is a dissolution of marriage case, and "[c]ourts retain jurisdiction to enforce dissolution judgments with or without a specific reservation of such power." Kennedy v. Kennedy, 638 So. 2d 577, 577 (Fla. 3d DCA 1994); see also Work v. Provine, 632 So. 2d 1119, 1121 (Fla. 1st DCA 1994); Seng v. Seng, 590 So. 2d 1120, 1121 (Fla. 5th DCA 1991).

Moreover, the post-judgment motion at issue in Huml pertained to post-judgment enforcement of the property rights that had been specifically adjudicated and set forth in the final judgment. Huml, 739 So. 2d at 634; see also Kennedy, 638 So. 2d at 577 (affirming an enforcement order and holding that the trial court had jurisdiction, "[b]ecause the appealed order pertains to property distributed by the dissolution judgment"); Gutjahr v. Gutjahr, 368 So. 2d 93, 94 (Fla. 3d DCA 1979) (affirming a trial court's post-judgment order which "related to securities which the judgment had dealt with as being the wife's property").

4

In the instant case, entitlement to assessments was neither litigated nor adjudicated. The final judgment of foreclosure does not state what amount, if any, was due to the Associations. Rather, paragraph 4 of the final judgment solely establishes the priority of liens and provides that Central's lien is superior to the Associations' liens, except with respect to assessments under section 718.116. Simply put, when Central filed its post-judgment motion, there was nothing for the trial court to enforce. Moreover, a court "does not have the power to impose upon a party a new duty not previously adjudicated." Superior Uniforms, Inc. v. Brown, 221 So. 2d 214, 215 (Fla. 3d DCA 1969).

Central also argues that based on paragraph 12 of the final judgment, the trial court retained jurisdiction to determine the amount of assessments due. Central claims paragraph 12's language is sufficiently broad to permit the trial court to adjudicate assessments, and that adjudicating assessments is analogous to adjudicating "collateral and independent" claims, e.g., prevailing-party attorney's fees, which may be adjudicated post final judgment. We find both of Central's arguments without merit.

This Court has held that a reservation of jurisdiction must be specific. See Harrell v. Harrell, 515 So. 2d 1302, 1304 (Fla. 3d DCA 1987) (stating that once a trial court enters a final judgment and the time for filing post-trial motions has expired, a trial court may not entertain post-judgment motions absent a rule to the

5

contrary, "unless it specifically retained jurisdiction to do so in its final judgment").

In <u>Ross v. Wells Fargo Bank</u>, 114 So. 3d 256, 257 (Fla. 3d DCA 2013), the trial court reserved jurisdiction in a clause identical to paragraph 12 of the final judgment in the instant case.[3] Subsequent to final judgment, Wells Fargo filed a motion for leave to file a supplemental complaint to re-foreclosure and add Ross as a defendant. The trial court granted Wells Fargo's motion, then entered and subsequently vacated an order dismissing the re-foreclosure for lack of prosecution. Ross appealed, arguing the trial court lacked "subject-matter jurisdiction to permit the post-judgment re-foreclosure action to proceed." <u>Id.</u> This Court agreed that the trial court lacked jurisdiction, stating "[t]he final judgment did not retain jurisdiction to allow for a supplemental complaint to add an omitted party post-judgment," <u>id.</u>, and reversed the trial court's order.

As in <u>Wells Fargo Bank</u>, paragraph 12 of the final judgment in the instant case contained a general reservation of jurisdiction, and did not specifically reserve jurisdiction to determine the amount of assessments due pursuant to sections 718.116 or 720.3085. It merely retained jurisdiction to enforce—via writs of possession and deficiency judgments—the final judgment entered in the matter.

---

[3] Specifically, the trial court's general reservation clause in <u>Wells Fargo Bank</u> stated as follows: "The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession and deficiency judgments."

6

As such, we find that the trial court properly concluded that it lacked subject-matter jurisdiction to determine assessments, and did not err in denying the motion.

For the reasons discussed, we affirm the trial court's order denying Central's post-judgment motion for a determination of assessments due to the Associations, as the trial court properly concluded it lacked jurisdiction to entertain the motion.

AFFIRMED.