PER CURIAM.
After acquiring a condominium at a foreclosure sale, Appellee Citibank, as the trustee for the trust owning the property, filed a “motion to enforce final judgment of foreclosure” to determine the amount of unpaid condominium assessments owed to the association, Montreux at Deerwood Lake Condominium Association. The trial court held a hearing and granted the motion. The Association appealed and we now reverse because the trial court lacked jurisdiction to enter the order.
While Citibank’s motion claimed to seek enforcement of the final judgment, the judgment did not actually pass upon the amount of unpaid assessments. The assessments issue was neither part of the foreclosure litigation, nor reserved upon by the final judgment for later determination by the court. For this reason, no assessment-related judgment existed to be enforced in this case. Instead, what Citibank’s post-judgment motion really sought was the imposition of new assessment-related conditions and duties on the parties here, which the order on appeal addressed and calculated for the first time.
Because Citibank filed its motion for the determination of unpaid assessments almost six months after the deadline for altering or amending the judgment, the trial court lacked jurisdiction to determine the issue. See Fla. R. Civ. P. 1.530; see also 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd., 92 So.3d 320 (Fla. 1st DCA 2012) (holding that the trial court lacked jurisdiction to entertain a “motion for clarification” on the issue of liability for condominium fees and assessments that was filed three months after entry of judgment); Central Mortg. Co. v. Callahan, 39 Fla. L. Weekly D1478, 155 So.3d 373, 2014 WL 3455485 (Fla. 3d DCA 2014) (affirming the trial court’s conclusion that it lacked jurisdiction to determine assessments). For this reason, we QUASH the order on appeal, leaving the final judgment of foreclosure undisturbed.
THOMAS, and OSTERHAUS, JJ., concur.
RAY, J., concurs in result only.