PALMER, J.
In this post-judgment foreclosure action, defendant below, Central Park A Metrowest Condominium Association (Metrowest), appeals the order entered by the trial court ruling that appellee/plaintiff-below, *1224 AmTrust REO I, LLC (REO), was entitled to receive. the protection (regarding its obligation to pay past-due condominium fees) of the safe-harbor provision of section 718.116 of the Florida Statutes (2014).[1] Although the trial court appears to have correctly interpreted the substantive law at issue, the trial court lacked continuing jurisdiction to issue a ruling on that matter and, therefore, we are constrained to quash the trial court’s order.
REO filed a mortgage foreclosure action against various defendants, including the borrower, Joseph Luttinger, and Metrow-est. In its verified complaint, REO stated that AmTrust-NP SFR Venture, LLC (AmTrust) was the owner of the note and that AmTrust authorized its agent, REO (as the holder of the note and mortgage) to seek foreclosure. As for Metrowest, the complaint averred:
CENTRAL PARK A METROWEST CONDOMINIUM ASSOCIATION, INC. may claim some interest in or lien upon the subject property by virtue of CLAIM OF LIEN, which is recorded at Official Records Book 10100, Page 3597; by virtue of CLAIM OF LIEN, which is recorded at Official Records Book 10260, Page 7206 of the Public Records of ORANGE County, Florida. Said interests, if any, are subject and inferior to the lien of Plaintiffs mortgage.
Metrowest answered the complaint and asserted a counterclaim for foreclosure on its claim of lien for past-due condominium assessments, pursuant to section 718.116 of the Florida Statutes.
The matter proceeded to trial. The parties stipulated to the entry of a foreclosure judgment. As such, a final foreclosure judgment was entered and a sale of the property was scheduled. Among other things, the foreclosure order stated:
Upon issuance of The Certificate of Sale by the Clerk of the Court, the Defendants) and all persons claiming under or against them since the filing of the notice of Lis Penden shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.
[[Image here]]
Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, a deficiency judgment.
*1225 Four months later, REO purchased the subject property at the foreclosure sale.
Metrowest thereafter forwarded an es-toppel letter to counsel for REO demanding $30,241.28 in past-due condominium assessments. REO responded, by letter, invoking the safe-harbor provisions of section 718.116. REO also filed a “Motion to Determine Amounts Due” with the foreclosure court, seeking an adjudication of the liability dispute between REO and Me-trowest regarding all “assessments claimed due and owing on the subject property in order that the Court can make a proper determination of the proper and true amount owed.” The motion requested that the court enter an order requiring Metrowest to provide a detailed accounting of all past-due assessments. Metrow-est filed a response arguing that REO was not authorized to benefit from the safe-harbor provisions of section 718.116 because REO was the servicer of the mortgagee, not the owner of the subject property. The motion further asserted that the trial court lacked continuing jurisdiction to rule on REO’s motion because the court did not retain jurisdiction to rule on a section 718.116 claim in the final foreclosure judgment.
The matter proceeded to a hearing. At the close of the hearing, the trial court ruled that REO was entitled to receive the benefit of the safe-harbor provisions of section 718.116.
Metrowest challenges this ruling, arguing that the trial court’s order must be reversed because the trial court lacked the authority to issue a post-judgment order on the issue of section 718.116 liability since the trial court had not retained jurisdiction, in its foreclosure judgment, to issue such a ruling. We agree.
Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment. Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984). The court retains jurisdiction to the extent such is specifically reserved in the final judgment or to the extent provided by statute or rule of procedure. Ross v. Damas, 31 So.3d 201 (Fla. 3d DCA 2010); Harrell v.Harrell, 515 So.2d 1302 (Fla. 3d DCA 1987).
Ross v. Wells Fargo Bank, 114 So.3d 256, 257 (Fla. 3d DCA 2013).
Central Mortgage Company v. Callahan, 155 So.3d 373 (Fla. 3d DCA 2014), supports the conclusion that the trial court lacked the authority to issue a post-judgment order in this case. In Callahan, Central Mortgage Company filed an action to foreclose a mortgage and named the borrowers, as well as several condominium associations, as defendants. In their answer, the condominium associations asserted entitlement to recover past-due assessments pursuant to section 718.116. The trial court ultimately entered a final judgment of foreclosure in favor of Central Mortgage, and paragraph 4 of the judgment stated that Central Mortgage’s lien was “superior in dignity to any right, title, interest or claim of the defendants” with the exception of any assessments that are superior pursuant to section 718.116. Also, the trial court reserved jurisdiction “to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.”
Thereafter, Central Mortgage was the successful bidder for the subject property at auction. Upon receiving title, Central Mortgage requested estoppel letters from the condominium associations as to the amount of past-due assessments, and then filed a post-judgment motion seeking a determination of the amounts due to the condominium associations. The trial court *1226 denied the motion, and Central Mortgage appealed.
Upon review, the Third District affirmed the trial court, explaining first that, without a specific reservation of jurisdiction, the trial court lacked the authority to rule on Central Mortgage’s motion:
“In a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case ... unless jurisdiction was reserved to address that matter or the issue is allowed to be considered post-judgment by statute or under a provision of the Florida Rules of Civil Procedure.” Ross v. Damas, 31 So.3d 201, 203 (Fla. 3d DCA 2010) (citation omitted). It is undisputed that there is no specific reservation to determine the amount of any assessments owed to the [condominium associations].
Callahan, 155 So.3d at 375. The court further rejected Central Mortgage’s argument that the trial court possessed inherent authority to rule on its post-judgment motion:
Central argues that ... the trial court had inherent jurisdiction to adjudicate its post-judgment motion for assessments. In support of its argument, Central cites Huml v. Collins, 739 So.2d 633, 634 (Fla. 3d DCA 1999), where this Court held “a trial court always has the inherent jurisdiction to enforce its previously entered orders.” Central’s reliance on Huml is misplaced; Huml is a dissolution of marriage case, and “[c]ourts retain jurisdiction to enforce dissolution judgments with or without a specific reservation of such power.” Kennedy v. Kennedy, 638 So.2d 577, 577 (Fla. 3d DCA 1994); see also Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994); Seng v. Seng, 590 So.2d 1120, 1121 (Fla. 5th DCA 1991). Moreover, the post-judgment motion at issue in Huml pertained to post-judgment enforcement of the property rights that had been specifically adjudicated and set forth in the final judgment. Huml, 739 So.2d at 634; see also Kennedy, 638 So.2d at 577 (affirming an enforcement order and holding that the trial court had jurisdiction, “[b]ecause the appealed order pertains to property distributed by the dissolution judgment”); Gutjahr v. Gutjahr, 368 So.2d 93, 94 (Fla. 3d DCA 1979) (affirming a trial court’s post-judgment order which “related to securities which the judgment had dealt with as being the wife’s property”).
Id. The court also rejected the claim that Central Mortgage’s post-judgment motion was cognizable because the motion was simply seeking enforcement of the foreclosure judgment:
In the instant case, entitlement to assessments was neither litigated nor adjudicated. The final judgment of foreclosure does not state what amount, if any, was due to the [condominium associations], Rather, paragraph 4 of the final judgment solely establishes the priority of liens and provides that Central’s lien is superior to the [condominium associations’] liens, except with respect to assessments under section 718.116. Simply put, when Central filed its post-judgment motion, there was nothing for the trial court to enforce. Moreover, a court “does not have the power to impose upon a party a new duty not previously adjudicated.” Superior Uniforms, Inc. v. Brown, 221 So.2d 214, 215 (Fla. 3d DCA 1969).
Id. Additionally, the court rejected Central Mortgage’s argument that the trial court had expressly retained jurisdiction to enter further orders, including an order determining the amount of past-due assess *1227 ments, by stating in the foreclosure judgment that jurisdiction was retained “to enter further orders that are proper including, without limitation, writs of possession and deficiency judgments.” In so ruling, the court recognized that earlier case law had established that a reservation of jurisdiction must be specific as to a particular issue in order for that issue to be láter enforced by the trial court. Id.
Similarly, in Montreux at Deerwood Lake Condominium Association, Inc. v. Citibank, N.A., 153 So.3d 961 (Fla. 1st DCA 2014), Citibank purchased a condominium at a foreclosure sale and, thereafter, filed a “motion to enforce final judgment of foreclosure.” The motion requested a determination of the amount of unpaid condominium assessments owed to Montreux. After a hearing, the trial court granted the motion. Montreux appealed. Upon review, the First District reversed:
While Citibank’s motion claimed to seek enforcement of the final [foreclosure] judgment, the judgment did not actually pass upon the amount of unpaid assessments. The assessments issue was neither part of the foreclosure litigation, nor reserved upon by the final judgment for later determination by the court. For this reason, no assessment-related judgment existed to be enforced in this case. Instead, what Citibank’s post-judgment motion really sought was the imposition of new assessment-related conditions and duties on the parties here, which the order on appeal addressed and calculated for the first time. Because Citibank filed its motion for the determination of unpaid assessments almost six months after the deadline for altering or amending the judgment, the trial court lacked jurisdiction to determine the issue. See Fla. R. Civ. P. 1.530; see also 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd., 92 So.3d 320 (Fla. 1st DCA 2012) (holding that the trial court lacked jurisdiction .to entertain a “motion for clarification” on the issue of liability for condominium fees and assessments that was filed three months after entry of judgment); Central Mortg. Co. v. Callahan, 155 So.3d 373 (Fla. 3d DCA 2014) (affirming the trial court’s conclusion that it lacked jurisdiction to determine assessments). For this reason, we QUASH the order on appeal, leaving the final judgment of foreclosure undisturbed.
Id. at 962.
Relying on Callahan and Montreux, we conclude that the trial court lacked continuing jurisdiction to rule on REO’s post-judgment motion. Accordingly, we quash the trial court’s order.
QUASHED.
COHEN and LAMBERT, JJ., concur.

. Section 718.116 of Florida's Condominium Act provides, in relevant part:
718.116. Assessments; liability; lien and priority; interest; collection
(l)(a) A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner.
(b) 1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee'^ acquisition of title is limited to the lesser of:
a. The unit’s unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.
[[Image here]]
(g) For purposes of this subsection, the term "successor or assignee” as used with respect to a first mortgagee includes only a subsequent holder of the first mortgage.