NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GRAND CENTRAL AT KENNEDY  )
CONDOMINIUM ASSOCIATION, INC.,  )
                                       )

     Appellant,  )

v.  )               Case No. 2D14-2740

SPACE COAST CREDIT UNION, as  )
Servicer for Federal Home Loan Bank of  )
Atlanta; and ROBERT E. HAYDEN,  )

     Appellees.  )
_____)

Opinion filed August 19, 2015.

Appeal from the Circuit Court for
Hillsborough County; Christine K. Vogel,
Senior Judge.

Jacob A. Brainard, Scott C. Davis and
Sarah E. Foster of the Business Law
Group, P.A., Tampa, for Appellant.

Gaspar Forteza and Ian J. Kukoff of
Blaxberg, Grayson & Kukoff, P.A., Miami,
for Appellee, Space Coast Credit Union.

No appearance on behalf of Appellee,
Robert E. Hayden.

SLEET, Judge.

Grand Central at Kennedy Condominium Association, Inc., challenges the trial court's Order Granting Plaintiff's Motion to Enforce the Final Judgment or to Amend Certificate of Title in a foreclosure action brought by Space Coast Credit Union. Because the trial court lacked jurisdiction to enter the order, we reverse. We therefore need not address the issue of whether Space Coast was entitled to the statutory limitation on liability set forth in section 718.116(1)(b), Florida Statutes (2013).

The final judgment of foreclosure was entered in favor of Space Coast in its foreclosure action against Robert Hayden after he failed to pay his mortgage on his condominium unit.[1] After entry of the final judgment, Space Coast purchased the condominium unit and Grand Central assessed past due condominium fees and related charges against Space Coast.

One year after the entry of the final judgment, Space Coast filed a motion to enforce final judgment or alternatively to amend certificate of title, seeking a determination of the amount of unpaid condominium assessments due to Grand Central. Specifically, Space Coast sought a ruling that it was entitled to the safe harbor provision of section 718.116(1)(b), which limits the liability of the "first mortgagee or its successor or assignees who acquire title to a unit by foreclosure" to "the lesser of . . . [t]he unit's unpaid common expenses and regular periodic assessments which accrued

---

[1]Mr. Hayden is listed as an appellee in this appeal due to his involvement in the underlying case. See Fla. R. App. P. 9.020(g)(2). However, Mr. Hayden makes no appearance in this proceeding.

or came due during the 12 months immediately preceding the acquisition of title . . . or . . . [o]ne percent of the original mortgage debt."

In its response to Space Coast's motion, Grand Central argued that the trial court lacked jurisdiction because the final order contained only a general reservation of jurisdiction. The trial court disagreed and granted Space Coast's motion, limiting Space Coast's liability pursuant to section 718.116(1)(b). This was error.

The trial court lacked jurisdiction because entitlement to assessments was neither litigated nor adjudicated and the trial court did not specifically reserve jurisdiction to determine the amount of assessments due pursuant to section 718.116(1)(b). See Cent. Mortg. Co. v. Callahan, 155 So. 3d 373, 375-76 (Fla. 3d DCA 2014). In Callahan, the Third District addressed this issue, framing it as "whether a trial court's inherent jurisdiction to enforce its judgment includes the authority to determine statutory assessments where the time to alter, modify, or vacate the judgment has elapsed and the judgment provides for only a general reservation of jurisdiction." Id. at 375. The Callahan court concluded that

> "[i]n a foreclosure case, after entry of a final judgment and expiration of time to file a motion for rehearing or for a new trial, the trial court loses jurisdiction of the case . . . unless jurisdiction was reserved to address that matter or the issue is allowed to be considered [postjudgment] by statute or under a provision of the Florida Rules of Civil procedure."

Id. (quoting Ross v. Damas, 31 So. 3d 201, 203 (Fla. 3d DCA 2010)); see also Cent. Park A Metrowest Condo. Ass'n v. AmTrust REO I, LLC, No. 5D14–1511, 2015 WL 4366573, *2 (Fla. 5th DCA July 17, 2015) ("Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment. The court retains jurisdiction to the extent such is

specifically reserved in the final judgment or to the extent provided by statute or rule of procedure." (citation omitted) (quoting Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA 2013))). The Third District also noted that when Central Mortgage "filed its [postjudgment] motion, there was nothing for the trial court to enforce" because "entitlement to assessments was neither litigated nor adjudicated" and all the final judgment did was establish the priority of liens. Id.

Finally, in Callahan, the Third District specifically concluded that the general reservation of jurisdiction in that case "did not specifically reserve jurisdiction to determine the amount of assessments due pursuant to section[ ] 718.116 . . . . It merely retained jurisdiction to enforce—via writs of possession and deficiency judgments—the final judgment entered in the matter." Id. at 376.

The instant case is factually similar to Callahan. Here, the final judgment of foreclosure does not address the assessment issue but instead merely sets the lien priority by stating that "[t]he lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants." And it contains only a general reservation of jurisdiction that is nearly identical to the one in Callahan.[2] Once the final judgment of foreclosure was entered and the foreclosure sale took place, there was nothing left for the trial court to enforce.

---

[2]This appears to be a prevalent issue in mortgage foreclosure actions to which homeowner or condominium associations are parties. In such cases, we would encourage the circuit courts to consider including in their final judgments specific language concerning the reservation of jurisdiction to address the issues of entitlement to and the amount of any unpaid assessments.

Applying the reasoning of <u>Callahan</u>, we conclude that the trial court here did not have jurisdiction to address the assessment issue. <u>See also</u> <u>Montreux at Deerwood Lake Condo. Ass'n v. Citibank, N.A.</u>, 153 So. 3d 961, 962 (Fla. 1st DCA 2014) ("While Citibank's motion claimed to seek enforcement of the final judgment, the judgment did not actually pass upon the amount of unpaid assessments. The assessments issue was neither part of the foreclosure litigation, nor reserved upon by the final judgment for later determination by the court. For this reason, no assessment-related judgment existed to be enforced in this case. . . . [T]he trial court lacked jurisdiction to determine the issue.").

Accordingly, we reverse the order on appeal and remand with instructions to dismiss for lack of jurisdiction the motion to enforce the final judgment.

Reversed and remanded.

WALLACE and BLACK, JJ., Concur.