NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BANK OF AMERICA, NATIONAL ) 
ASSOCIATION, SUCCESSOR BY )
MERGER TO BAC HOME LOANS )
SERVICING, LP f/k/a Countrywide Home )
Loans Servicing LP, )
 )
        Appellant, )
 )
v. )     Case No. 2D14-3643
 )
THE ENCLAVE AT RICHMOND )
PLACE CONDOMINIUM ASSOCIATION, )
INC.; ALICE H. EVERETT; PAUL J. )
EVERETT; MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., as )
Nominee for Bayrock Mortgage Company; )
JANE DOE n/k/a Ronda Hanves; and )
JOHN DOE n/k/a Gregg Griffith, )
 )
        Appellees. )
_____)

Opinion filed August 21, 2015.

Appeal from the Circuit Court for
Hillsborough County; Sandra Taylor, Senior
Judge.

Michael D. Starks, A. Donald Scott, and
Shafin A. Remtulla of Baker, Donelson,
Bearman, Caldwell & Berkowitz, PC,
Orlando, for Appellant.

Jacob A. Brainard, Scott C. Davis, and Candice J. Gundel of Business Law Group, P.A., Tampa, for Appellee The Enclave at Richmond Place Condominium Association, Inc.

No appearance for remaining Appellees.


BLACK, Judge.

In this appeal, Bank of America, N.A. (BOA), challenges the trial court's order denying BOA's motion to enforce the final judgment of foreclosure. Because The Enclave at Richmond Place Condominium Association (Association) affirmatively pleaded that BOA was entitled to the benefit of the assessment liability limitation under section 718.116(1)(b), Florida Statutes (2013) (safe harbor provision), we reverse.

The facts relevant to our holding are few. Countrywide Home Loans, Inc., initiated a foreclosure action naming the Association as a defendant. Paragraph 10 of the complaint alleged that the Association "may claim some interest in or lien upon the subject property by virtue of any unpaid [d]ues and/or [a]ssessments and said interest, if any, is subject and inferior to the lien of Plaintiff's mortgage." In its answer to paragraph 10, the Association admitted that it had an interest but denied that its interest was inferior. Additionally, the Association affirmatively pleaded:

> The mortgage which is being foreclosed is a first purchase money mortgage which was recorded after April 1, 1992. Pursuant to Fla. Stat. § 718.116, the Plaintiff's lien is superior to any title and interest to any condominium assessments, except for those unpaid dues, which are not to exceed six (6) months' unpaid assessments or one percent (1%) of the original principal balance of the mortgage, whichever is less.

- 2 -

At no time did the Association move to amend or withdraw this pleading.

During the pendency of the foreclosure action, BOA was substituted as party plaintiff. The case was tried by the court and the final judgment of foreclosure was entered in favor of BOA. Paragraph 5 of the judgment states:

> Plaintiff holds a lien for the total sum specified in Paragraph 3 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons claiming by, or through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Sections 718.116 or 720.3085, Florida Statutes.

Neither the Association nor any other defendant appealed the final judgment.

BOA purchased the property at the foreclosure sale and a certificate of title was issued. BOA then sought an estoppel letter indicating that BOA owed $1421.34 in assessments. In response, the Association claimed entitlement to more than $36,000 in unpaid assessments, interest, and various fees. As a result of the Association's claim, BOA filed the motion to enforce the final judgment. BOA argued that its liability for unpaid assessments was limited pursuant to the express terms of section 718.116(1)(b) and the Association's declaration of condominium. The safe harbor provision provides:

> (b) 1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:
>
> a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action.

§ 718.116(1)(b).  The declaration of condominium contains language identical to the statute except that the "first mortgagee or its successor or assignees" may be liable for only six months of unpaid common expenses and regular periodic assessments.  BOA contended that it was liable for $1421.34—one percent of the original mortgage debt— as the lesser of the two amounts.

The trial court found that it had continuing jurisdiction and could therefore address BOA's motion.[1]  It then found that BOA was not entitled to the benefit of the safe harbor provision.

BOA argues, in part, that the Association is estopped from taking a position contrary to that which it affirmatively took in the underlying foreclosure proceeding.  At the hearing on the motion to enforce the final judgment, BOA presented its waiver and estoppel argument.  In reaching its determination that BOA was not entitled to the benefit of the safe harbor statute, the trial court implicitly rejected BOA's argument that the Association is precluded from taking inconsistent positions on this issue.

We conclude that the Association's affirmative plea of entitlement to only the lesser of six months' unpaid assessments or one percent of the mortgage debt was

---

[1]Nothing in this opinion should be construed as a ruling on the trial court's continuing jurisdiction.  The Association did not cross-appeal the trial court's order; as such, the jurisdictional issue is not before us.  See Ocean Bank v. Caribbean Towers Condo. Ass'n, Inc., 121 So. 3d 1087, 1089-90 (Fla. 3d DCA 2013); cf. Grand Cent. at Kennedy Condo. Ass'n v. Space Coast Credit Union, No. 2D14-2740 (Fla. 2d DCA August 19, 2015).

- 4 -

a waiver of any claim to a greater assessment figure.  See, e.g., DK Arena, Inc. v. EB Acquisitions I, LLC, 112 So. 3d 85, 97-98 (Fla. 2013) ("Waiver operates to estop one from asserting that upon which he otherwise might have relied . . . ." (quoting SourceTrack, LLC v. Ariba, Inc., 958 So. 2d 523, 527 (Fla. 2d DCA 2007))); Barbe v. Villeneuve, 505 So. 2d 1331, 1333 (Fla. 1987) ("A party will not be permitted to enforce wholly inconsistent demands respecting the same right[s]." (quoting Am. Process Co. v. Fla. White Pressed Brick Co., 47 So. 942, 944 (Fla. 1908))); Tara Woods SPE, LLC v. Cashin, 116 So. 3d 492, 501 (Fla. 2d DCA 2013) (discussing the elements of waiver and their application).

Accordingly, we reverse the order denying the motion to enforce the final judgment and remand for further proceedings.

Reversed and remanded.

KELLY and KHOUZAM, JJ., Concur.