■ TRAVELERS INSURANCE COMPANY, as Assignee of the Mortgage from BETTY J. MILLIS, Also Known as BETTY J. HANEHAN, Respondent, v PROVIDENCE WASHINGTON INSURANCE GROUP, Appellant.—Order unanimously reversed on the law without costs and summary judgment granted to defendant, in accordance with the following memorandum: Defendant appeals from an order which granted plaintiff's motion for summary judgment in the amount of $28,751.33 as plaintiff's interest under the mortgagee clause of a standard fire insurance policy. The order also denied defendant's cross motion to limit plaintiff's recovery to $15,293.69, which represented the outstanding mortgage debt at the time of the fire loss. Special Term reasoned that plaintiff was entitled to recover the difference ($13,457.64) either because it represented sums plaintiff expended in a foreclosure action and in payment of tax liens to protect its security interest, or because it represented consequential damages necessarily resulting from defendant's breach of the insurance contract by failing to respond timely to plaintiff's claim. We disagree.

Plaintiff did not obtain a judgment of foreclosure and sale until over a year after the fire. It is well settled that "rights under a fire insurance policy are fixed both as to amount and standing to recover at the time of the fire loss" (*Whitestone Sav. & Loan Assn. v Allstate Ins. Co.*, 28 NY2d 332, 334). Thus, there can be no more insurable interest in property than that which existed at the time of the loss (*Grady v Utica Mut. Ins. Co.*, 69 AD2d 668). Where a mortgagee purchases the

property at a foreclosure sale, the outstanding mortgage debt must be reduced by the greater of the mortgagee's purchase price or the actual market value of the property *(see, Moke Realty Corp. v Whitestone Sav. & Loan Assn.,* 82 Misc 2d 396, *affd* 51 AD2d 1005, *affd* 41 NY2d 954).

Here, although plaintiff bid $13,000 for the subject property, the actual market value of the property was $26,900. Thus, at the time of the foreclosure sale the total amount due on the bond and mortgage as determined by a Referee ($42,193.69) was extinguished by $26,900, leaving plaintiff, as mortgagee, with a remaining insurable interest of $15,293.69. Plaintiff, having chosen to affirmatively recoup a portion of the mortgage debt through foreclosure *after* the fire loss, must look to the mortgagors to recover its after-loss expenditures because the mortgagee clause cannot be read to obligate the insurer to pay for such expenses *(Citizens Sav. & Loan Assn. v Proprietors Ins. Co.,* 78 AD2d 377, 381).

We also reject Special Term's alternative ground for granting plaintiff summary judgment. Plaintiff is not entitled to consequential damages because the expenses of a foreclosure action and payment of tax liens incurred *after* the fire cannot be deemed to have been within the contemplation of the parties to the insurance contract *(see, Kenford Co. v County of Erie,* 67 NY2d 257, 261; *cf., Grady v Utica Mut. Ins. Co., supra,* at 675). Plaintiff's remaining claims, regarding equitable and collateral estoppel, are not properly before us since they were raised for the first time on appeal.

Accordingly, the order is reversed, defendant's motion for summary judgment is granted declaring that defendant is obligated to pay plaintiff $15,293.69 and plaintiff's complaint is otherwise dismissed. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present— Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.