SCHWARTZ, Chief Judge.
There is no merit in any of the contentions raised on appeal and cross appeal from a judgment in interpleader distributing the proceeds of an insurance policy covering real estate which was damaged during the course of a mortgage foreclosure. Specifically (a) no substantial rights were adversely affected by the manner in which the action was conducted below, see Lumbermens Mut. Casualty Co. v. Martin, 399 So.2d 536, 537 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1094 (Fla.1981); (b) the sums due the public adjuster responsible for securing the funds from the carrier were properly computed and awarded, see Government Employees Ins. Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976); and (c) the mortgagees were properly credited with $4,899.00, which was the assessed value of the premises, rather than only the $100.00 for which they bid in the property at the foreclosure sale. Travelers Ins. Co. v. Providence Washington Ins. Group, 142 A.D.2d 968, 968-69, 149 A.D.2d 985, 985, 530 N.Y.S.2d 390, 390 (1988) (“Where a mortgagee purchases the property at a foreclosure sale, the outstanding mortgage debt must be reduced by the greater of the mortgagee’s purchase price or the actual market value of the property.”), appeal denied, 73 N.Y.2d 704, 537 N.Y.S.2d 492, 534 N.E.2d 330 (1989); see South Carolina Ins. Co. v. Pensacola Home & Savings Ass’n, 393 So.2d 1124 (Fla. 1st DCA 1980) (mortgagee bound by successful bid when higher than alleged value of property).
Affirmed.