869 So.2d 588 (2004)
Lazslo LENART, Appellant,
v.
OCWEN FINANCIAL CORP., Appellee.
No. 3D03-188.
District Court of Appeal of Florida, Third District.
February 25, 2004.
*589 Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis and William G. Edwards and Maury L. Udell, Coral Gables, for Appellant.
Smith, Hiatt & Diaz and Roy A. Diaz (Ft.Lauderdale), for Appellee.
Before LEVY, GREEN, and FLETCHER, JJ.
PER CURIAM.
Lazslo Lenart, the homeowner, appeals from an Order entering Final Summary Judgment in favor of third-party defendant, OCWEN Financial Corporation (OCWEN).
The matter before the Court arises out of an action brought by Lenart against Florida Residential Property and Casualty Joint Underwriting ("the insurer") after the insurer denied Lenart's insurance claim for fire damage to Lenart's home, the insured property, in December of 1998. At the time of the fire, OCWEN owned the mortgage on the property.[1] After the fire, Lenart ceased payment of the mortgage and a foreclosure action was filed on the mortgage.
On February 7, 2000, Summary Final Judgment of Foreclosure was entered against the insured property in the amount of $134,503.68. At the foreclosure sale, Aurora Loan Services, Inc., the mortgagee, successfully bid on the property and took title on August 4, 2000. On the date of sale, the foreclosure judgment totaled $141,062.98 as a result of accrued interest due between February 7, 2000 and August 4, 2000. It is undisputed that the property value on the date of sale was $130,000.00.
Some time after the foreclosure sale, Lenart's claim with the insurer settled for $90,000. The insurer included OCWEN on the issued check because OCWEN was a loss payee under the policy. OCWEN refused to endorse the settlement draft and Lenart filed a Third Party Complaint against OCWEN, seeking the proceeds from the insurance claim.
Lenart sought Summary Judgment against OCWEN on the ground that OCWEN did not have an interest in the proceeds in light of the foreclosure action. In sum, Lenart argued that OCWEN's receipt of the sale proceeds following the foreclosure extinguished any insurable interest created by the debt between Lenart and OCWEN. OCWEN filed its own Motion for Summary Judgment against Lenart alleging that OCWEN was entitled to the entire settlement proceeds because upon foreclosure, OCWEN became the owner of the property. OCWEN relied on Secured Realty Investment Fund, Ltd., III v. Highlands Insurance Co., 678 So.2d 852 (Fla. 3d DCA 1996) and Nationwide Mutual Fire Insurance Co. v. Wilborn, 291 Ala. 193, 279 So.2d 460 (1973) to support its argument that where a mortgagee pursues foreclosure of property after a loss, if the debt is not satisfied by the foreclosure sale, the mortgagee is entitled to recover *590 under the insurance policy as "owner" of the property.
The trial court granted Summary Final Judgment in favor of OCWEN, awarding OCWEN the full $90,000 settlement, finding that OCWEN's debt was not extinguished as a result of the foreclosure sale. We reverse.
The trial court cited Secured Realty Investment Fund, Ltd., III v. Highlands Insurance Co., 678 So.2d 852 (Fla. 3d DCA 1996) to support its finding that OCWEN was entitled to receive the full amount of the insurance proceeds. The trial court's focus on Secured Realty, however, is misplaced. In Secured Realty, this Court specifically explained that the "foreclosure after loss" cases could not be applied to the "foreclosure before loss" context that the Court reviewed in Secured Realty. Secured Realty, 678 So.2d at 855.
In Secured Realty, the mortgagee, Secured Realty, foreclosed on real property. When the sheriff went to the property to execute a Writ of Possession, it was discovered that the property was extensively damaged. The parties, Secured Realty and the insurer, Highlands Insurance Company, stipulated that the damage to the property occurred after the foreclosure. Secured Realty, 678 So.2d at 853. Secured Realty submitted a loss claim to the insurer for the foreclosed properties. The insurer denied the claim. Suit was filed against the insurer and the insurer responded that Secured Realty did not have an insurable interest at the time of the loss because "[w]hen Secured Realty took title to both properties as a result of foreclosure, their fair market value exceeded the redemption amount." The insurer reasoned that the debt was satisfied, and thus discharged, at the time of foreclosure. Id. at 853-54. The insurer also argued that if Secured Realty had an insurable interest at the time of the loss, its recovery should be limited to the difference between the redemption amount and the amount Secured Realty realized from the post-loss sale of the properties. The trial court agreed with the insurer, including the alternative disposition if the matter was reversed.
On appeal, this Court recognized that the loss payee clause of the insurance contract was a standard, or New York clause, which generally protects the mortgagee's interest to property, despite the mortgagor or insured's, actions. Secured Realty, 678 So.2d at 854-55. The Court then considered the effect foreclosure had on Secured Realty's right to collect the insurance proceeds for a loss that occurred after foreclosure. The Court rejected the insurer's argument that Secured Realty did not have an insurable interest, and recognized the differing treatment in a loss after foreclosure context, as opposed to the foreclosure after loss situation. Id.
In the "foreclosure prior to loss" situation... the foreclosure ... occurs in the context of the insured property existing in its undamaged condition and the satisfaction of debt takes into account the value of such property in its undamaged condition prior to loss and the need for the insurance to follow the property. In the "foreclosure after loss" situation ... the foreclosure occurs in the context of the insured property having been damaged and the satisfaction of the debt takes into account the damaged condition of the property at the time of such foreclosure.
Id. at 855 (citing Nationwide Mut. Fire Ins. Co. v. Wilborn, 291 Ala. 193, 279 So.2d 460, 464 (1973)(emphasis added)).
In the ["foreclosure prior to loss"] situation, the value of the undamaged property at the time of foreclosure is an incident to the satisfaction of the debt; while in the ["foreclosure after loss"], to allow recovery of insurance proceeds by *591 the mortgagee after full satisfaction of the debt would amount to mortgagee's unjust enrichment.

Wilborn, 279 So.2d at 464.
The Wilborn Court explained that when the foreclosure precedes the loss, the mortgagee occupies the status of "owner" at the time of the loss, and has an insurable interest in protecting his property from loss. Wilborn, 279 So.2d at 463. On the other hand, where the loss precedes the foreclosure the mortgagee is the creditor of the owner at the time of loss, and has an election as to how to satisfy the debt. The mortgagee may either turn to the insurance company for payment as mortgagee under the New York Standard Mortgage Clause and recover, up to the limits of the policy, the mortgage debt; or the mortgagee may foreclose on the property. If the mortgagee elects to pursue the insurance company for payment of the debt, then the debt is fully satisfied and the mortgagee does not have any additional recourse against the mortgagor. If the mortgagee elects to foreclose on the property and the foreclosure sale does not bring the full amount of the mortgage debt, then the mortgagee may recover the deficiency under the insurance policy as owner. Wilborn, 279 So.2d at 463-64 (citing Aetna Ins. Co. v. Baldwin Co. Building & Loan Ass'n, 163 So. 604 (Ala.1935)). The Court reiterated that "in no event is the plaintiff-mortgagee due to collect more than the debt secured." Id.
In the instant case, like Wilborn, we are faced with a pre-foreclosure loss. The property sustained damages and Lenart, the owner/insured, filed a claim with his insurer. In the meantime, the property was foreclosed by the mortgagee, OCWEN, who obtained a foreclosure judgement on the property in the amount of $134,503.68. After the foreclosure sale, the parties stipulated that the market value of the property at the time of the sale was $130,000.00. On the date of sale, the foreclosure judgment totaled $141,062.98 $134,503.68 judgment, plus accrued interest. As a result, a deficiency was due and owing to OCWEN in the amount of $11,062.98. The insurer subsequently settled the insurance claim for $90,000.00, and issued a check to the insured, Lenart, and to the mortgage holder, OCWEN. See Pick v. Gilbert, 605 So.2d 182 (Fla. 3rd DCA 1992)(quoting Travelers Ins. Co. v. Providence Washington Ins. Group, 142 A.D.2d 968, 968-69, 530 N.Y.S.2d 390, 390 (1988)("Where a mortgagee purchases the property at a foreclosure sale, the outstanding mortgage debt must be reduced by the greater of the mortgagee's purchase price or the actual market value of the property.")).
OCWEN argued below, and the trial court agreed, that OCWEN is entitled to the entire proceeds of the insurance settlement. Specifically, the trial court found that "the taking of title to the property increased the mortgagee's [OCWEN] interest in the insurance policy as that of an owner." This finding is erroneous, and a misreading of the holdings of Secured Realty and Wilborn. The rights of a loss-payable mortgagee are determined as of the time of the loss. See Norfolk & Dedham Mut. Fire Ins. Co. v. Schlehuber, 327 So.2d 891 (Fla. 3d DCA 1976)(citing Rosenbaum v. Funcannon, 308 F.2d 680 (9th Cir.1962); Whitestone Savings & Loan Ass'n v. Allstate Ins. Co., 28 N.Y.2d 332, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971)). In the instant case, at the time of loss, OCWEN's insurable interest was that of a loss-payable mortgagee. Upon electing to foreclose on the property, OCWEN's interest in the insurance proceeds was limited to any deficiency of the security debt that was not recouped in the foreclosure sale. See Wilborn, 279 So.2d at 463-64 ("[I]n no event is the plaintiff-mortgagee due to collect more than the debt secured.").
*592 Lenart asks this Court to limit OCWEN's recovery to monies owed as of the time of the loss, i.e., the amount of the security debt at the time of the fire, without regard to accrued interest, the foreclosure judgment and any subsequent costs. Lenart relies on Fifth Third Bank, v. Indiana Insurance Company, 771 N.E.2d 1218 (Ind.Ct.App.2002) to support its argument. We reject Lenart's argument and find that Fifth Third Bank is inapplicable where, as here, the mortgagee has obtained a foreclosure judgment and is recovering pursuant to that judgment. Cf. Fifth Third Bank, 771 N.E.2d at 1218.
In light of the foregoing, we find that OCWEN is only entitled to the amount of the deficiency, plus interest, and Lenart is entitled to the balance of the $90,000.00 settlement. Accordingly, the trial court's Order granting Summary Final Judgment and awarding the full amount of the settlement to OCWEN is reversed, and the matter is remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] OCWEN serviced Mr. Lenart's mortgage for Aurora Loan Services, Inc.