# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3229
Lower Tribunal No. 11-36956
_____


**Pamela Z. White,**
Appellant,

vs.

**Ocwen Loan Servicing, LLC, et al.,**
Appellees.


An appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Carlos A. Ziegenhirt, for appellant.

Morris, Laing, Evans, Brock & Kennedy and Khari E. Taustin and Jeremy W. Harris and Masimba M. Mutamba and Angela Barbosa Wilborn (West Palm Beach), for appellees.


Before SUAREZ, LAGOA, and SCALES, JJ.

SUAREZ, J.

Pamela Z. White seeks to reverse a final judgment in foreclosure, as well as reverse the summary judgment entered in favor of plaintiff OneWest Bank, FSB,

on her counterclaims. White also seeks to recover certain insurance monies held by the Intervenor plaintiff, OCWEN Loan Servicing LLC, as a result of a pre-foreclosure property damage insurance payout. We affirm the final judgment in foreclosure in favor of OCWEN, as well as the summary judgment on White's counterclaims against OneWest. We conclude that the issue regarding disposition of the insurance proceeds is not ripe for review prior to sale of the property and resolution of any dispute over satisfaction of the mortgage debt.

White is the personal representative of the estate of Willie Williams. In 2000, IndyMac made a mortgage loan to Mr. Williams.[1] When Mr. Williams failed to provide adequate hazard insurance on the house, IndyMac force-placed hazard insurance on the property, which it maintained until 2007 when the property was destroyed by a fire in which Mr. Williams died. White moved into the property shortly afterward but failed to make payments on the mortgage. White asserted that after the fire loss in 2007, she filed an insurance claim and received somewhere between $114,000 and $117,000 as payout. Of that, White alleged that approximately $30,000 was spent to minimally clean up the property and that the

---

[1] IndyMac was closed in 2008, and in 2009, OneWest and the FDIC, on behalf of IndyMac Federal, received the servicing rights to Mr. Williams' loan. OneWest sold its servicing rights to OCWEN during the pendency of the foreclosure. OCWEN then moved to intervene as the proper party to prosecute claims connected to the foreclosure. OCWEN's Motion to Intervene stated that OneWest remained the proper party to defend against any counterclaims filed against OneWest as former loan servicer.

remaining amount, approximately $85,000, is currently held in escrow by OCWEN.

OneWest filed its complaint in foreclosure as holder and servicer of the Note against White as personal representative of Mr. Williams' estate. White answered the Complaint and made several counterclaims, among them that OneWest or its predecessors had failed to obtain adequate insurance to cover the property, or placed insurance post-loss. At the foreclosure trial, OneWest moved for summary judgment as to White's counterclaims against it, contending that the record showed that OneWest did not assume any liabilities for acts or omissions of the former entities IndyMac or IndyMac Federal. White had previously testified that her counterclaims focused exclusively on IndyMac's conduct in 2007 and 2008. The trial court granted OneWest's motion, concluding that White's counterclaims were made against the improper party.

White argues that the trial court's consideration of the motion for summary judgment at trial, where all parties were present, sixteen days after the motion had been filed, is fundamental error. We agree that Florida Rule of Civil Procedure 1.510(c) provides that a party "shall serve its motion for summary judgment at least 20 days before the time fixed for the hearing," but also note that the record shows White made no objection at trial to consideration of the motion, and was allowed to argue the insurance money issue as it related to the foreclosure. Further, she does not contend on appeal that the trial court's consideration of the

3

motion four days early would have altered the outcome of the trial. We conclude that the procedural error was harmless. See Lumbermens Mut. Cas. Co. v. Martin, 399 So. 2d 536, 537 (Fla. 3d DCA 1981) (noting that "the numerous procedural defects in the arbitration and the circuit court proceedings below did not adversely affect the substantial rights of the appellant so as to interfere with an appropriate determination of the merits."); see also Blatch v. Wesley, 238 So. 2d 308, 309 (Fla. 3d DCA 1970) (holding the time set by Rule 1.510 is not jurisdictional and may be waived by a failure to object or move for a continuance); E. & I. Inc. v. Excavators, Inc., 697 So. 2d 545 (Fla. 4th DCA 1997); § 59.041, Florida Statutes (2014). On the legal merits of the summary judgment, we review *de novo* the trial court's grant of OneWest's motion for summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). After reviewing the entire record, we affirm the summary judgment as to the counterclaims against One West.

After admitting evidence and hearing argument from all parties, the trial court granted judgment of foreclosure. The record shows that White, as representative of her father's estate, failed to pay the mortgage on his property for approximately six years; the original Note and Mortgage, loan payment history, and assignments were admitted without objection; OCWEN was the ultimate servicer of the loan, held the original Note and Mortgage, and was entitled to

4

foreclose. White asserted no issues against OCWEN that would prevent foreclosure, and we affirm.

As to the approximately $85,000 insurance proceeds still held by OCWEN, the issue is not ripe for review. Once the property has been sold, the parties shall retain the right to litigate disposition of the remaining insurance proceeds, following this Court's holding in Lenart v. OCWEN Financial Corp., 869 So. 2d 588 (Fla. 3d DCA 2004), which provides,

> [W]here the loss precedes the foreclosure the mortgagee is the *creditor* of the owner at the time of loss, and has an election as to how to satisfy the debt. The mortgagee may either turn to the insurance company for payment as mortgagee . . . and recover, up to the limits of the policy, the mortgage debt; or the mortgagee may foreclose on the property . . . If the mortgagee elects to foreclose on the property and the foreclosure sale does not bring the full amount of the mortgage debt, then the mortgagee may recover the *deficiency* under the insurance policy as owner.

Lenart 869 So. 2d at 591. However, in no event is OCWEN entitled to collect more than the debt secured. Id.

Affirmed.