# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2160
LT Case No. 2017-CA-1260

_____

US BANK NATIONAL
ASSOCIATION, Not in its
Individual Capacity but Solely
as TRUSTEE for the RMAC
TRUST, SERIES 2016-CTT,

    Appellant,

    v.

THE ESTATE of ISMAEL ZAYAS,
deceased, ALEXANDER ZAYAS,
SR., ALEXANDER ZAYAS, JR., as
PERSONAL REPRESENTATIVE of
the ESTATE of ISMAEL ZAYAS,
DIANA ZAYAS and ANGELINA
RUGGIRELLO,

    Appellees.

_____


On appeal from the Circuit Court for Hernando County.
Pamela S. Vergara, Judge.

Richard S. McIver, of Kass Shuler, P.A., Tampa, for Appellant.

Michael P. Kelton, of Kelton Law, P.A., Deltona, for Appellees.

August 1, 2025

EDWARDS, J.

Does a trial court in a mortgage foreclosure action retain procedural or case jurisdiction to issue post-judgment orders long after the time for rehearing and appeal has expired on topics for which jurisdiction was not specifically reserved by including in its final judgment that it "retains jurisdiction of this action to enter further orders that are proper, including" a list of specified topics and orders?  We hold that it does not.  We reverse and quash the trial court's order that reached a contrary conclusion.

*Background Facts*

In 2017——based on a 2013 default date——Appellant, US Bank National Association, Not in its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT, sued Appellees, The Estate of Ismael Zayas, Deceased, Alexander Zayas, Sr., Alexander Zayas, Jr., as Personal Representative of the Estate of Ismael Zayas, Diana Zayas and Angelina Ruggirello to foreclose a mortgage.[1]  Final summary judgment was rendered in favor of US Bank on December 17, 2021.  US Bank was the successful bidder at the foreclosure sale, and on October 11, 2023, the trial court granted a writ of possession in favor of US Bank and its assigns.  Appellees appealed the final summary judgment to this Court, which affirmed without opinion.  *Zayas v. U.S. Bank Nat'l Ass'n*, 359 So. 3d 1177 (Fla. 5th DCA 2023).

Pertinent to this appeal, in terms of jurisdiction, the final judgment reserved jurisdiction to potentially issue a lengthy list of specific orders post-judgment, and stated:

> 15. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including without limitation, orders authorizing writs

---

[1] Ismael Zayas was the original mortgagor and signed the promissory note.  He then passed away, thus, his estate and the personal representative were included in the suit.  The other Appellees were identified either as heirs of Zayas, the then-current owner of the mortgaged property, or as tenants of the property.

of possession; an award of additional attorney's fees; to enter a deficiency judgment against those parties who may be personally liable and not discharged in bankruptcy, except as may otherwise be provided in this judgment; to enter a reforeclosure judgment/order to correct errors or omissions in this foreclosure action; or to determine the amounts due any association under § 718.116 or § 720.3085. The Court also reserves jurisdiction so that in the event additional sums are expended by Plaintiff to protect its interest in the property after entry of this judgment including, but not limited to, real estate taxes, hazard insurance, property preservation, or other necessary costs, Plaintiff may file an affidavit setting forth such expenditures and the Court may enter an order awarding Plaintiff the amount expended and add it to the grand total amount due under this final judgment, or if the property has been redeemed by payment of the judgment the Court can enter a new foreclosure judgment for the amount expended.

On January 17, 2024, Appellees filed a motion in the foreclosure case to compel US Bank to endorse a check to Appellees that Citizens Property Insurance Company had issued in 2013 related to the payment of sinkhole damage at the mortgaged property. Citizens had made the $33,303.79 check payable to Appellant and one or more of the Appellees. Back in 2013, Appellant refused to endorse it over to Appellees.

US Bank opposed Appellees' motion on the ground that the trial court did not have jurisdiction to enter such an order, as the final summary judgment did not specifically reserve jurisdiction for that purpose. The trial court disagreed and granted Appellees' motion to compel endorsement of the check. In doing so, the trial court stated that it "retains post-judgment case or procedural jurisdiction to compel the endorsement of an insurance proceeds check because the final judgment explicitly reserved jurisdiction 'to enter further orders that are proper' to enforce the judgment."

3

*Standard of Review*

Resolution of this jurisdictional issue involves purely legal issues and is reviewed de novo. *Lovest v. Manigero*, 279 So. 3d 205, 206 (Fla. 3d DCA 2019) (citing *Mora v. McDonough*, 934 So. 2d 587, 588 (Fla. 1st DCA 2006)).

*Analysis*

Appellant argues that the trial court did not retain "subject matter jurisdiction" to entertain and rule on Appellees' motion to compel endorsement. "Subject matter jurisdiction . . . concerns a court's constitutional or statutory authority to hear a certain type of case." *JJJTB, Inc. v. Schmidt*, No. SC2023-0915, 2025 WL 1968957, at *2 (Fla. July 17, 2025) (citations omitted). There's no dispute that circuit courts have jurisdiction to entertain mortgage foreclosure cases and cases regarding distribution of insurance proceeds. Thus, it is clear that the trial court had subject matter jurisdiction to deal with that type of case. What Appellant objected to is not a lack of subject matter jurisdiction, but rather it is a lack of case jurisdiction.

 "Case jurisdiction, however, refers to a trial court's jurisdiction to act in a case over which it has subject matter jurisdiction." *Id.* "For example, an issue with procedural [or case] jurisdiction may arise 'if a court grants relief beyond the scope of the pleadings' or if 'it enters additional orders after a voluntary dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders.'" *Longman v. Atl. Coast Bank*, 369 So. 3d 1184, 1187 (Fla. 5th DCA 2023) (quoting *U.S. Bank Nat'l Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016)). "In these examples, 'it is clear that the court retains 'subject-matter jurisdiction'—the power to decide matters within a general category of cases—yet the court loses power over the specific dispute.'" *Id.* The term case jurisdiction is synonymous with procedural jurisdiction as both refer to the court's authority to further adjudicate matters in a case over which the court has subject matter jurisdiction. *U.S. Bank Nat'l Ass'n*, 204 So. 3d at 60 n.3. "The court is said to act outside of its [case or procedural] jurisdiction if it enters additional orders after a voluntary

4

dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders." *Id.* at 60.

In a very recent opinion, the Florida Supreme Court held that "the parties must timely notify the trial court that it lacks case jurisdiction or the objection is waived." *JJJTB, Inc.*, 2025 WL 1968957, at \*2 (citation omitted). Here, US Bank objected to the trial court's lack of jurisdiction in its written opposition to Appellees' motion because final judgment had been entered, the time for appeal had expired, and the trial court had not specifically retained jurisdiction to enter orders regarding insurance proceeds. Appellees responded to US Bank's objection by arguing that the trial court had included a broad reservation of jurisdiction in its final judgment.

In the order, which is the subject of this appeal, the trial court noted that the first issue it had to resolve was whether it retained case jurisdiction such that it could decide Appellees' motion to compel endorsement of the check. After further discussion of the concept of case jurisdiction, the trial court rejected US Bank's objection that it lacked jurisdiction. The trial court relied in part on *White v. Ocwen Loan Servicing, LLC*, 159 So. 3d 1009 (Fla. 3d DCA 2015). In *White*, the Third District concluded that the issue regarding disposition of the insurance proceeds was not ripe for review prior to sale of the property and resolution of any dispute over satisfaction of the mortgage debt. *Id.* at 1012. As such, the trial court in the case at hand decided that the disposition of insurance proceeds in this case could potentially be addressed post-judgment within the scope of whatever jurisdiction was specifically reserved or implied by the nature of the judgment, if it related to the enforcement of the judgment.

However, the court's reliance on *White* is misplaced. First, there is no indication in *White* whether the court specifically retained jurisdiction in the final judgment to hear issues related to the disbursement of the insurance proceeds. Second, when finding that the issue was not ripe for review, the Third District was referring to the fact that insurance proceeds cannot be ripe for review prior to the sale of the property specifically, not that it has to be or necessarily can always be addressed at the end of the case. *White*, 159 So. 3d at 1012. Because the property in *White* had not

5

yet been sold, the Third District noted that it could not yet rule on the matter. Thus, *White* does not support the trial court's entry of the order compelling endorsement of the insurance check.

Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying, or vacating the judgment, unless jurisdiction is specifically reserved in the final judgment or provided by statute or rule of procedure. *U.S. Bank Nat'l Ass'n*, 204 So. 3d at 61. No statute or rule of procedure was invoked by the trial court. The final judgment listed at least eight different orders covering about a dozen different topics for which it specifically reserved post-judgment jurisdiction; however, it did not specifically reserve jurisdiction to compel Appellant to endorse an insurance check to resolve a dispute dating back to 2013. The trial court could have easily, through the request or agreement of the parties, specifically reserved jurisdiction to resolve the insurance check dispute.

Appellees' argument, that a general reservation of jurisdiction "to enter further orders that are proper", is sufficient was rejected in *Central Mortgage Co. v. Callahan*, 155 So. 3d 373 (Fla. 3d DCA 2014). The appellees in *Callahan* relied upon that very same phrase to support the post-judgment exercise of jurisdiction to determine past due assessments, despite the final judgment not including that as one of the several orders that it specifically reserved jurisdiction to enter. *Id.* at 375. The Third District noted that it previously "has held that a reservation of jurisdiction must be specific." *Id.* at 376 (citing *Harrell v. Harrell*, 515 So. 2d 1302, 1304 (Fla. 3d DCA 1987)). The court in *Callahan* held that a general reservation of jurisdiction to enter other proper orders, without a specific reservation to enter an order on the contested subject matter, was insufficient to convey case or procedural jurisdiction. *Callahan*, 155 So. 3d at 376.

In *Central Park A Metrowest Condominium Ass'n, Inc. v. AmTrust REO I, LLC*, 169 So. 3d 1223, 1227 (Fla. 5th DCA 2015), we cited to and agreed with the reasoning of *Callahan*. Finding that a general reservation of jurisdiction to enter "proper" post-judgment orders was insufficient to permit the court to belatedly enter an order not specifically listed among those for which

6

jurisdiction was explicitly retained, our Court quashed the trial court's unauthorized order. *Id.*

*Conclusion*

US Bank timely objected to the trial court's lack of jurisdiction given that it had entered final judgment without specific reservation to issue the subject order, and the time for appeal and revision of the final judgment had expired. The trial court entertained and rejected the argument that it lacked case jurisdiction. Without a written reservation to enter an order regarding disbursement of the 2013 Citizens' insurance proceeds in its final judgment, the trial court lacked case or procedural jurisdiction to compel Appellant's endorsement of that insurance check over to Appellees. We reverse and hereby quash that order.

REVERSED; ORDER QUASHED.

WALLIS and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

7