WARNER, J.
Appellants, Edward and Edith Rooney, challenge the trial court’s denial of their motion to vacate a judgment of foreclosure. They claim that the trial court refused them discovery on their allegations of the plaintiffs lack of standing. In addition, they contend that the judgment as to Edith Rooney must be vacated, because, although she defaulted, she was still entitled to notice of the trial as to any unliqui-dated damages. We affirm, concluding that appellants did not show a colorable claim for relief as to the status of the bank. As to Edith Rooney, because she was not obligated on the note, nor was she an owner of the property, as a defaulted party, no notice of the final hearing was required.
Edward Rooney purchased a condominium unit and executed a promissory note and mortgage to Washington Mutual *735 (‘WAMU”) in August 2005. Edith Rooney, Edward’s wife, joined in the purchase money mortgage but did not sign the note. Later, Edward transferred the unit to the Edward Patrick Rooney Revocable Trust. In October 2007, Rooney failed to make his monthly mortgage payment, and a foreclosure complaint was filed against him and the trust. Edith was joined to foreclose any interest she may claim by virtue of executing the mortgage. She was not a property owner. The condominium association was also joined as a party.
Both Edward and Edith were served with process, but only Edward answered the complaint. At first he sent a letter in response. Later he was represented by counsel, but counsel withdrew prior to the final hearing. Counsel did not enter an appearance for Edith. WAMU moved for, and the clerk entered, a default as to Edith.
In March 2009, JP Morgan Chase Bank bought the loan and mortgage from the Federal Deposit Insurance Corporation (“FDIC”) acting as receiver for WAMU. Upon motion, the court substituted JP Morgan for WAMU. On the same day the motion was filed, WAMU filed the original note and mortgage with the court.
Although WAMU had filed a motion for summary judgment in the case prior to the substitution of parties, the case was set for trial and then continued to allow for mediation. It then languished until the condominium association noticed the case for trial. The judge’s order resetting the trial was served on Edward Rooney, but Edith Rooney was not listed as having been served by the court, even though she had been served with the initial notices of trial.
On the day of trial, JP Morgan moved to substitute Wells Fargo Bank, N.A., as Trustee of WAMU Mortgage Pass-Through Certificates Series 2005-PR4, as plaintiff. It attached an executed assignment of mortgage, in which JP Morgan Chase assigned both the mortgage and note to Wells Fargo.
The trial proceeded, and Edward Rooney attended. There is no transcript of the proceedings. A final judgment was entered determining the amounts due, including attorney’s fees, and foreclosing on the mortgage.
Thereafter, the Rooneys hired counsel, and two months after the entry of the final judgment, they filed an unsworn motion to vacate the judgment on several grounds. Germane to the issues raised in the appeal, they claimed that failure to notify Edith of trial precluded entry of judgment. Further, they alleged that the bank had obtained a judgment in favor of a non-existent entity. Final judgment was entered foreclosing the mortgage on behalf of Wells Fargo Bank, N.A., as Trustee of WAMU Mortgage Pass-Through Certificates Series 2005-PR4, but the Rooneys contended that no such trust existed.
The court set the motion for hearing, and the Rooneys propounded requests for admission, interrogatories, and production demands. Upon motion by the bank, the court struck these requests but ordered an evidentiary hearing on the motion to vacate. At that hearing, the Rooneys presented no evidence and only argued about the lack of notice of trial to Edith. Their attorney stood on the arguments made in the motion but did not proffer any evidence, as the court had stricken the demands for discovery. The court denied the motion to vacate, prompting this appeal.
Recognizing that they were afforded an evidentiary hearing, even though they produced no evidence, the Rooneys argue that the court erred in striking their requests for discovery. Those requests demanded information relating to their claim that the *736 bank had obtained a judgment for a nonexistent entity. As to the issue of the status of the plaintiff, our task is to determine through de novo review whether the motion presented a colorable claim, for which discovery and an evidentiary hearing would be required. SunTrust Bank v. Puleo, 76 So.3d 1037, 1039 (Fla. 4th DCA 2011).
1 In order to present a colorable claim of entitlement to vacate a final judgment, a litigant must provide sworn proof to support the allegations of the motion. See Eden Park Mgmt., Inc. v. Zagorski, 821 So.2d 1263, 1264 (Fla. 4th DCA 2002). We do not think that discovery can commence on a motion for relief from judgment based upon unsworn allegations. To do so would encourage fishing expeditions in post-judgment proceedings. Here, the Rooneys made multiple allegations, but none were sworn.
Even if we overlook the lack of sworn allegations, we conclude that the Rooneys did not raise a colorable claim for relief. They claim that the entity “Wells Fargo as Trustee of WAMU Mortgage Pass-Through Certificates. Series 2005-PR4” has no standing, because the trust does not exist. Their specific claim is that no Pass-Through Certificate Series 2005-PR4 exists. Thus, it could not be the corpus of a trust. As proof of this, they provide a printout from the Securities and Exchange Commission’s website showing a search for WAMU 2005, which does not show a Certificate Series 2005-PR4. They do not explain how this website shows that Wells Fargo is not an entity or how the trust or the certificate series cannot exist. A claim identical to this was raised in U.S. Bank Nat’l Ass’n v. Paiz, 68 So.3d 940 (Fla. 3d DCA 2011), on a motion to vacate a final judgment. The Third District concluded that the claim, among all the others raised, was one of standing which should have been raised on direct appeal. Particularly as in this case, where the note and mortgage have been surrendered to the court, we conclude that their claim provides no colorable ground for relief. Thus, the trial court did not err in denying discovery prior to the evidentiary hearing.
As to the issue of lack of notice to Edith of the reset trial, we also find that the court did not err in not vacating the final judgment. The clerk had entered a default against her. Therefore, she would be entitled to notice and a hearing only if unliquidated damages were sought against her. Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So.2d 1148, 1150 (Fla. 4th DCA 2006); see also Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663-64 (Fla. 5th DCA 1983). Here, however, Edith was not a party to the note. No damages were sought against her. While she argues on appeal that the total judgment, including the assessment of unliquidated damages, would affect the right of redemption, she did not own the mortgaged property. As such, she did not possess the right of redemption of the property. See Cukierman v. BankAtlantic, 89 So.3d 250, 252 (Fla. 3d DCA 2012) (citations omitted) (“Only the mortgaged property owner or the holder of subordinate interests in the property have the right to redeem the property prior to sale.”). The motion did not allege a color-able claim of relief, nor did the Rooneys provide evidence to support their allegations.
For the foregoing reasons, we affirm the trial court’s ruling.
STEVENSON, J., and STONE, BARRY J., Senior Judge, concur.