IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL
TRUST COMPANY, ETC.,

        Appellant,

 v.

        Case No. 5D15-474

JOSE L. PATINO, ET AL.,

        Appellees.

_____/

Opinion filed May 27, 2016

Non-Final Appeal from the Circuit Court
for Osceola County,
Robert J. Pleus, Jr., Senior Judge.

David S. Ehrlich and Manuel S. Hiraldo, of
Blank Rome, LLP, Ft. Lauderdale, for
Appellant.

David E. Borack, of Borack Law Group, P.
A., Longwood, for Appellee, Jose I. Partino.

No Appearance for other Appellees.

PER CURIAM.

      Deutsche Bank National Trust Company, as Trustee of the Indymac INDX

Mortgage Trust 2006-AR25, Mortgage Pass-Through Certificates Series 2600-AR 25,

under the Pooling and Service Agreement Dated July 1, 2006 ("Bank"), appeals the order

denying its Florida Rule of Civil Procedure 1.540(b) motion to vacate final judgment. We reverse because the judgment granted relief on a matter which was outside of the pleadings and which was not tried by consent of the parties.

Bank filed an action against Jose L. Patino ("Appellee") to foreclose a mortgage on real property owned by Appellee in Osceola County. The case proceeded to trial and the trial court entered final judgment in favor of Appellee, essentially concluding that Bank had failed to establish its standing at the time the suit was filed and failed to comply with one of the conditions precedent necessary to bringing suit. Bank did not appeal.

Approximately seven and one-half months after the judgment became final, Bank filed a motion pursuant to rule 1.540(b), asserting that the final judgment was void because it provided relief to Appellee that was not requested by Appellee in his pleadings. Specifically, Bank objected to paragraph five of the Final Judgment, which provided:

> 5. The mortgage lien, which is the subject matter of this lawsuit, recorded in the public records of Osceola County, Florida at Book 3177, Page 210 through 230 is no longer of legal effect.

Bank argued that Appellee did not plead for this relief nor seek this relief at trial and, therefore, the court lacked jurisdiction to nullify or cancel the mortgage lien. The lower court denied Bank's motion, and this appeal ensued.

Rule 1.540(b)(4) provides, in part, that a court may relieve a party from a final judgment or decree that is void. It is axiomatic that "[a] trial court is without jurisdiction to award relief that was not requested in the pleadings or tried by consent." *Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945 (Fla. 4th DCA 2015) (citations omitted). "[A] judgment which grants relief wholly outside the pleadings is void." *Id.* (quoting *Bank of N. Y. Mellon v. Reyes*, 126 So. 3d 304, 309 (Fla. 3d DCA 2013)).

2

Our review of the pleadings and the trial transcript show that Appellee did not affirmatively plead for or seek a determination at trial that the mortgage lien be cancelled or declared to be "no longer of legal effect." Accordingly, the trial court lacked jurisdiction to grant Appellee this relief, rendering this portion of the judgment void.[1] *See Posti*, 166 So. 3d at 945. Therefore, we reverse the order denying Bank's motion to vacate the final judgment. We remand this case with directions that the trial court vacate the final judgment and enter an amended final judgment that deletes the aforementioned paragraph five.

REVERSED and REMANDED, with DIRECTIONS.

BERGER, LAMBERT, and EDWARDS, JJ., concur.

---

[1] We reject, without further discussion, Appellee's argument that the invited error doctrine bars Bank from obtaining relief from a void final judgment.