IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

U.S. BANK NATIONAL ASSOCIATION, ETC.,

      Appellant,

 v.                                Case No.  5D15-3153

ELIZABETH E. ANTHONY-IRISH, ET AL.,

      Appellees.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Dean A. Morande and Michael K. Winston,
of Carlton Fields Jorden Burt, PA, West
Palm Beach, for Appellant.

Elizabeth E. Anthony-Irish, Deland, pro se.

No Appearance for other Appellees.

COHEN, J.

U.S. Bank appeals the denial of its rule 1.540(b)(4) motion to vacate a final judgment. U.S. Bank commenced this action in 2007 with a complaint to foreclose on a mortgage. Late in 2009, the trial court granted U.S. Bank's motion for summary judgment and entered a final judgment of foreclosure. That same day, the court also ordered the parties to mediation.[1] The parties did not object to this order.

---

[1] The record does not indicate whether the parties agreed to mediate or whether the court unilaterally ordered the mediation.

Mediation was rescheduled after U.S. Bank failed to appear. U.S. Bank agreed to make a settlement offer to Anthony-Irish and to cancel the foreclosure sale, but no copy of the mediated agreement was filed. The trial court found that the parties agreed to mortgage payments of $743.61 per month. The record indicates that Anthony-Irish was also required to apply for the Home Affordable Modification Program ("HAMP"), a government program designed to reduce mortgage payments for qualified homeowners.

Anthony-Irish then sent the first of two ex-parte communications to the trial court. In a March 2010 letter, she alleged that she had been turned down for HAMP because Citigroup, the owner of the note, did not participate in the program. She complained that she should have been made aware of this limitation at the earlier mediation. The trial court set a hearing based on Anthony-Irish's letter. At that hearing, which was attended by both parties, the court ordered Anthony-Irish to continue making mortgage payments per the mediated agreement and to again apply for HAMP. In August 2010, she was once again turned down for HAMP, this time because her loan servicer determined that it could not reduce her payments to an affordable amount without changing the terms of her mortgage beyond what HAMP permitted.

Anthony-Irish sent another letter to the trial court in December 2010, claiming that the second denial was unfair and in bad faith—she alleged the company had used incorrect income figures and denied her HAMP application based on the amount of her then-current mortgage payment, the very payment she sought to modify. The trial court elected to treat this letter from Anthony-Irish as a "motion for reconsideration of final judgment" and set another hearing, which U.S. Bank failed to attend. The trial court then set an evidentiary hearing that U.S. Bank, yet again, failed to attend. The trial court

entered an order vacating the final judgment of foreclosure and dismissing the action with prejudice as to all defaults prior to the order. U.S. Bank did not move for rehearing or appeal that order.[2] In August 2015, more than four years later, U.S. Bank moved for relief from the trial court's order under rule 1.540(b)(4), claiming that the order was void. The trial court summarily denied that motion.

We generally review rulings on motions under rule 1.540(b) for an abuse of discretion. Ocwen Loan Servicing, LLC v. Brogdon, 185 So. 3d 627, 629 (Fla. 5th DCA 2016). U.S. Bank points to a line of cases suggesting that review is de novo when the issue is whether the party moving under rule 1.540(b) is entitled to an evidentiary hearing. See Rooney v. Wells Fargo Bank, N.A., 102 So. 3d 734, 736 (Fla. 4th DCA 2012). Yet, U.S. Bank never requested an evidentiary hearing below, nor did it set forth disputed facts to warrant such a hearing. Nevertheless, to the extent U.S. Bank's motion raises questions of law, we review those issues de novo.

Rule 1.540 allows the trial court to grant relief from a final judgment, decree, order, or proceeding for a number of reasons, including because the judgment is void. Fla. R. Civ. P. 1.540(b). U.S. Bank argues the trial court's order vacating final judgment was void for lack of jurisdiction. Jurisdiction is an overarching concept that refers to three distinct elements: personal jurisdiction, subject-matter jurisdiction, and procedural jurisdiction.[3]

---

[2] Florida Rule of Appellate Procedure 9.130(a)(5) specifically provides for direct appeals from orders granting or denying relief under rule 1.540 within thirty days of rendition of the order.

[3] Procedural jurisdiction often goes by other names such as continuing jurisdiction or case jurisdiction. See Paulucci v. General Dynamics Corp., 842 So. 2d 797, n.3 (Fla. 2003) (referring to procedural jurisdiction after final judgment as continuing jurisdiction); McGhee v. Biggs, 974 So. 2d 524, 526-27 (Fla. 4th DCA 2008) (Farmer, J., concurring specially) (distinguishing subject-matter jurisdiction from "case jurisdiction"); Scott

3

Cf. Arcadia Citrus Growers Ass'n v. Hollingsworth, 185 So. 431, 433 (Fla. 1938). Although sometimes identified by different terms, procedural jurisdiction simply refers to "the power of the court over a particular case that is within its subject matter jurisdiction." Tobkin v. State, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001).

Flaws in a court's procedural jurisdiction arise in a number of contexts. If a court enters an order prior to the filing of proper pleadings, the court is said to lack jurisdiction. Lovett v. Lovett, 112 So. 768, 775-76 (Fla. 1927). Likewise, if a court grants relief beyond the scope of the pleadings, it acts in excess of its jurisdiction. See Fine v. Fine, 400 So. 2d 1254, 1255 (Fla. 5th DCA 1981) ("The jurisdiction of the court can be exercised only within the scope of the pleadings . . . ."). The court is said to act outside of its jurisdiction if it enters additional orders after a voluntary dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders. Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 (Fla. 2003); Davidson v. Stringer, 147 So. 228, 229 (Fla. 1933);. In all of these cases, it is clear that the court retains "subject-matter jurisdiction"—the power to decide matters within a general category of cases—yet the court loses power over the specific dispute. Stephens, supra note 3, at 10.

U.S. Bank argues that the trial court in this case lacked subject-matter jurisdiction to enter the orders subsequent to the final judgment. Establishing that the court lacked subject-matter jurisdiction is essential to U.S. Bank because its rule 1.540(b) motion would otherwise be untimely. Rule 1.540(b) requires that the motion be brought within a "reasonable time"—for 1.540(b)(1)-(3), the motion must be brought within one year after

---

Stephens, Florida's Third Species of Jurisdiction, 82 Fla. Bar J. 10 (2008) (describing "procedural jurisdiction").

4

the final judgment. U.S. Bank's motion was brought more than four years after the trial court entered its order vacating the final judgment in this case.

This court has previously held, however, that an order entered without subject-matter jurisdiction can be attacked under rule 1.540(b)(4) at any time because a lack of subject-matter jurisdiction goes to the foundation of the court's power to adjudicate the case presented. Arquette v. Rutter, 150 So. 3d 1259, 1261 (Fla. 5th DCA 2014). U.S. Bank presents three grounds for finding the trial court lacked subject-matter jurisdiction: 1) the trial court lacked subject-matter jurisdiction to order mediation; 2) U.S. Bank never received proper notice of a potential dismissal; and 3) Anthony-Irish's December 2010 letter could not be treated as a motion to vacate summary judgment because it was untimely under rule 1.540(b)(3).

First, U.S. Bank argues that once the trial court entered summary judgment in its favor without specifically reserving jurisdiction to order mediation, the court lost jurisdiction to order the parties to mediate. Generally, a court's procedural jurisdiction after the entry of final judgment is limited to ensuring the proper entry and enforcement of the judgment, but that jurisdiction may be extended to enforcing a settlement agreement incorporated into the final judgment. Paulucci, 842 So. 2d at 803. The court also has inherent power "to do those things necessary to enforce its orders." Id. (quoting Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608-09 (Fla. 1994)).

The original final judgment includes typical language reserving jurisdiction "to enter further orders as are proper, including deficiency judgments, if permissible." It does not specifically reserve jurisdiction to order mediation or to enforce a mediated agreement,

5

and while it could have been amended to include such a reservation, it was not. Without a written mediated agreement in the record, the trial court lacked procedural jurisdiction to enforce the agreement. See Cent. Park A Metrowest Condo. Ass'n v. AmTrust REO I, LLC, 169 So. 3d 1223, 1227 (Fla. 5th DCA 2015). Thus, U.S. Bank is correct that the order enforcing the mediated judgment was not properly entered. The trial court did not lack subject-matter jurisdiction, however. The trial court retained subject-matter jurisdiction over the general category of mortgage foreclosures, and the issue of a court's authority to enter further orders after final judgment is, instead, an issue of procedural jurisdiction. See Paulucci, 842 So. 2d at 801 n.3 (clarifying that entry of further orders after final judgment presents an issue of continuing, not subject-matter jurisdiction); In re Adoption of D.P.P., 158 So. 3d 633, 633-37 (Fla. 5th DCA 2014) (explaining that Florida circuit courts are courts of general jurisdiction and nothing is beyond their subject-matter jurisdiction except those cases that have specifically been excluded).

Next, U.S. Bank argues the trial court lacked jurisdiction because: 1) the trial court failed to provide proper notice of the hearing, and 2) Anthony-Irish's letters, if treated as motions, failed to specify that she was seeking relief from the final judgment. Generally, orders entered without notice and opportunity to be heard are void under rule 1.540(b)(4). See Wells Fargo Bank, N.A. v. Michaels, 166 So. 3d 226, 227-28 (Fla. 5th DCA 2015) (granting relief under rule 1.540(b) because the court failed to enter or serve a written order or otherwise provide notice to the parties of the docket sounding or trial date).

U.S. Bank claims that it "was never given notice that it faced the ultimate sanction of dismissal" because the hearing notices provided by the trial court did not specifically mention that the final judgment may be set aside. Yet, the trial court's notice for the

6

January 2011 hearing specifically noticed a "motion for reconsideration of final judgment" and the March 2010 hearing was noticed as a "motion to vacate final judgment and/or mediation misconduct." Both notices indicated that the final judgment might be vacated and provided U.S. Bank with an opportunity to appear and contest the issues.

U.S. Bank further argues it did not receive notice because Anthony-Irish's December 2010 letter did not ask the trial court to vacate the final judgment or dismiss the action. U.S. Bank argues that courts generally lack "subject-matter jurisdiction" to order relief beyond the scope of the pleadings and not tried by consent of the parties. However, this objection—like U.S. Bank's objection to the trial court's lack of procedural jurisdiction to order mediation—really refers to a procedural defect related to a court's power over a specific dispute, not a defect in the court's subject-matter jurisdiction.[4]

Lastly, U.S. Bank argues that if Anthony-Irish's ex-parte letter were treated as a motion to vacate the previous judgment under rule 1.540(b)(3), then it would have been untimely since the letter was sent more than one year after final judgment was entered. Again, though, U.S. Bank's argument goes to the court's procedural jurisdiction, not to its

---

[4] In support of its argument on this point, U.S. Bank cites Deutsche Bank National Trust Co. v. Patino, 192 So. 3d 637 (Fla. 5th DCA 2016). This Court in Patino reversed the trial court's denial of the appellant's rule 1.540(b)(4) motion and remanded for a revised judgment because the trial court lacked jurisdiction to grant relief the appellee did not plead or affirmatively seek. Patino never specified that the court lacked subject-matter jurisdiction, and we clarify that it did not. The rule 1.540(b) motion in Patino was brought within seven and one-half months of the judgment, a reasonable time. Id. at 638; see Fla. R. Civ. P. 1.540(b).

We need not reach the question of whether Patino was correctly decided or whether defects in procedural jurisdiction that could otherwise be remedied on direct appeal are even cognizable under rule 1.540(b)(4). We hold only that U.S. Bank's motion was untimely, and it did not establish a lack of subject-matter jurisdiction, the one exception to the timeliness requirement under this Court's precedents.

subject-matter jurisdiction. While the trial court may have erred in treating the motion as timely, the surpassing of a time limit is a procedural error that deprives the court of power to enter an order on the motion. Cf. Paulucci, 842 So. 2d at 801 n.3 (holding the power of court to enter post-judgment order raises issue of continuing jurisdiction).

Rule 1.540(b) provides a limited avenue for collaterally attacking final judgments when certain errors are alleged.[5] Even the limited grounds established by rule 1.540(b) must be brought within a reasonable time. See Fla. R. Civ. P. 1.540(b). The only exception to this time limitation is for defects in the court's subject-matter jurisdiction. U.S. Bank brought its motion under rule 1.540(b) more than four years after the order it challenged was entered, which was not a reasonable time in this case. Further, U.S. Bank cannot show that the court lacked subject-matter jurisdiction. Accordingly, we affirm the trial court's denial of U.S. Bank's 1.540(b) motion.

AFFIRMED.

PALMER and TORPY, JJ., concur.

---

[5] The grounds for relief under rule 1.540(b) are limited because preserving the finality of judgments is an important value even when those judgments might have been wrongly decided. See Witt v. State, 387 So. 2d 922, 925 (Fla. 1980) ("The importance of finality in any justice system . . . cannot be understated.").