IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


STUART L. LONGMAN,

      Appellant,

 v.                                                          Case No.  5D22-3079
                                                            LT Case No. 2012-CA-0581


ATLANTIC COAST BANK, ROBERT J. MCKAY,
WHITFIELD DEVELOPMENT CORP., DREAMFIELDS
EQUESTRIAN COMMUNITY HOMEOWNERS
ASSOCIATION, INC. AND TDMA, LLC,

      Appellees.

_____/

Opinion filed August 18, 2023

Appeal from the Circuit Court
for Putnam County,
Kenneth J. Janesk, Judge.

Kareen Movsesyan and Vincent L.
Sullivan, of Chiumento Law, PLLC,
Palm Coast, for Appellant.

Ben H. Harris, of Jones Walker LLP,
Miami, for Appellee, TDMA, LLC.

No Appearance for Other Appellees.

EDWARDS, C.J.,

Stuart L. Longman ("Longman") appeals the final "deficiency judgment" entered in favor of TDMA, LLC ("TDMA"). Longman argues that pursuant to section 702.06, Florida Statutes (2021), the trial court lacked procedural subject matter jurisdiction to enter a deficiency judgment in 2021 in a case where only money damages were sought and awarded by judgment in 2014. He also argues that TDMA's motion for deficiency was untimely based on section 95.11(5)(h), Florida Statutes. We agree with Longman's argument that section 702.06 applies and does not permit the relief TDMA obtained; therefore, we reverse. However, we do not find that section 95.11(5)(h) applies in this case.

In August 2006, Longman executed a promissory note in favor of Atlantic Coast Federal, A Federal Savings Bank, ("Atlantic Coast") which obligation was secured by a mortgage on real property. In 2012, Atlantic Coast filed suit against Longman, seeking in Count I to foreclose its mortgage and in Count II seeking money damages based on the promissory note. Atlantic Coast later voluntarily dismissed Count I. In 2014, its assignee, RREF II ACB Acquisitions, LLC ("Acquisitions") obtained a final money judgment against Longman for $241,021.89. This case will be referred to as the "Note Case."

2

In 2019, Acquisitions' successor, RREF II ACB-FL, filed an independent, second suit against Longman seeking to foreclose its mortgage that secured the promissory note obligation referred to above. It obtained an in rem judgment for $307,955.59. In this separate, sequential case, RREF II ACB-FL neither pled for nor obtained a deficiency judgment. There was a foreclosure sale and RREF II ACB-FL obtained the property with its winning bid of $4,600. At some point, RREF II ACB-FL assigned its judgment in this case to TDMA, who then received a certificate of title for the property in question from the clerk of the court. This case will be referred to as the "Foreclosure Case."

Next, TDMA filed suit in Connecticut, where Longman resides, in an effort to collect its judgment against Longman. However, the Connecticut court reportedly declined to grant any relief, stating that it could only do so if TDMA had obtained a deficiency judgment against Longman. In 2021, in an apparent effort to comply with the requirements of the Connecticut court, TDMA filed a motion in the Note Case seeking a "deficiency judgment." TDMA's motion for deficiency judgment credited Longman with the $4,600 realized in the foreclosure sale.

Longman opposed the motion for deficiency judgment, arguing two grounds. First, he claims that the plain language of section 702.06 governs the pursuit of a deficiency judgment. That section provides:

> **In all suits for the foreclosure of mortgages** heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court. . . . **The complainant shall also have the right to sue at common law to recover such deficiency unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.**

§ 702.06, Fla. Stat. (emphasis added). Longman correctly notes that there was never a demand in the Foreclosure Case for a deficiency judgment nor did TDMA file its motion for deficiency judgment in the Foreclosure Case. Given that the Foreclosure Case proceeded in rem, that is not surprising, as there was no judgment entered against Longman in that case.

Thus, section 702.06 gave TDMA only one other way to pursue a deficiency judgment: suing at common law. However, rather than file a new case at common law, TDMA filed its motion for deficiency judgment in the Note Case which had become final in 2014 as nobody appealed that judgment. Longman argues on appeal, as he did below, that the trial court lacked procedural subject matter jurisdiction to entertain TDMA's motion for deficiency judgment in the Note Case.

4

"Jurisdiction is an overarching concept that refers to three distinct elements: personal jurisdiction, subject-matter jurisdiction, and procedural jurisdiction." *U.S. Bank Nat'l Ass'n v. Anthony-Irish*, 204 So. 3d 57, 60 (Fla. 5th DCA 2016). "[P]rocedural jurisdiction simply refers to the 'power of the court over a particular case that is within its subject matter jurisdiction.'" *Id.* For example, an issue with procedural jurisdiction may arise "if a court grants relief beyond the scope of the pleadings" or if "it enters additional orders after a voluntary dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders." *Id.* In these examples, "it is clear that the court retains 'subject-matter jurisdiction'—the power to decide matters within a general category of cases—yet the court loses power over the specific dispute." *Id.*

"It is well-settled that after a final, appealable order is entered by the trial court, the court's jurisdiction to enter additional rulings is limited, and decreases as time progresses." *Franklin v. Bank of Am., N.A.*, 202 So. 3d 923, 926 (Fla. 1st DCA 2016); *see also DiPaolo v. Rollins Leasing Corp.*, 700 So. 2d 31, 31–32 (Fla. 5th DCA 1997). A court retains jurisdiction during the time frame that a motion for rehearing, notice of appeal, or motion for relief from judgment may be filed. *Id.* If such relief is not sought, then the trial court loses procedural jurisdiction. *Id.* Thus, TDMA could not re-open

5

the long dormant Note Case by filing its motion for deficiency judgment. Accordingly, we reverse because the trial court erred in entering the deficiency judgment in the Note Case.[1]

Second, Longman argues that section 95.11(h)(5) required any request for a deficiency judgment to be pursued within one year of the issuance of the certificate of title, and that time had expired before TDMA filed its motion. The trial court found, and we agree, that the plain language of that section applies only to deficiency judgments "related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit." The subject property, while zoned residential, was vacant at all material times. Thus, that argument is unavailing.

The matter is reversed and remanded for further proceedings consistent with this opinion.

REVERSED.

WALLIS and MACIVER, JJ., concur.

---

[1] The parties agreed during oral argument that pursuant to section 702.06, TDMA is still able to pursue an independent suit at common law to seek a deficiency judgment. While we note that stipulation, we express no opinion on that matter as that issue is not before the Court.

6