# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0059
LT Case No. 2016-CA-003402

_____

BANK OF AMERICA, N.A.,

    Appellant,

    v.

ABPAYMAR, LLC, et al.,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

Tricia J. Duthiers, of Liebler Gonzalez & Portuondo, Miami, for
Appellant.

Christopher Hixson, of Segal & Schuh Law Group, P.L.,
Clearwater, for Appellee.


November 9, 2023


PER CURIAM.

    Bank of America (BOA) attempted to foreclose on a mortgage
of a residence in the Queens Harbor community in Jacksonville,
Florida. The trial court decided that BOA could not continue with
the foreclosure because a 2006 foreclosure judgment regarding the

property remained in effect. For the reasons that follow, the case is reversed and remanded for further proceedings.

In a September 2006 case, a final judgment of foreclosure was entered in favor of Countrywide Bank (Countrywide) against the then-current owner of the residence at issue. Nearly five years later, the foreclosure sale had not yet taken place, and the trial court entered a final order of dismissal without prejudice for lack of prosecution on May 4, 2011. A few months later, Countrywide filed a motion to vacate the final judgment of foreclosure and return the original note and mortgage. Soon thereafter, the then-assigned trial judge entered an order vacating the 2006 final judgment and directing the Clerk to return the original documents (the 2011 vacation order).

In 2012, Countrywide assigned the mortgage to BOA, who brought suit to foreclose on the mortgage in 2016. Also in 2012, the defendant in the present case, Abpaymar, LLC, purchased the home. It requested, and the current trial judge granted, judicial notice of the 2006 litigation. Based upon the prior litigation, Abpaymar LLC moved to dismiss for lack of jurisdiction arguing that the trial court did not have jurisdiction to hear the case because the 2011 vacation order was erroneous such that the 2006 final judgment remained in effect, making Countrywide—not BOA—the proper mortgage holder. The trial court granted the motion, concluding that the vacation order was erroneous and "ineffectual," such that the 2006 foreclosure judgment remained in place; as such, it lacked jurisdiction to foreclose the mortgage held by BOA, who now appeals. We review the grant of a motion to dismiss de novo. *See Swearingen v. Villa*, 277 So. 3d 778, 780 (Fla. 5th DCA 2019).

The central issue is whether the current trial court had the power to revisit and nullify the 2011 order that vacated the 2006 final judgment of foreclosure and returned the original note and mortgage to Countrywide (who subsequently assigned the documents to BOA). It did not. The trial court mistakenly relitigated the procedural validity of the 2011 vacation order, a matter previously adjudicated with finality; it had no authority to reconsider the order and deem it "ineffectual" and thereby "void and of no force or effect" because of its view that Countrywide set

2

forth inadequate grounds for the relief obtained. This court has reiterated that the finality of judgments is of great import even when the judgments may have been wrongly decided. *U.S. Bank Nat'l Ass'n v. Anthony-Irish,* 204 So. 3d 57, 62 n.5 (Fla. 5th DCA 2016) (citing *Witt v. State*, 387 So. 2d 922, 925 (Fla. 1980)). To the extent that a perceived procedural infirmity may have existed in the entry of the 2011 vacation order, it is outweighed by the need for finality.

In this regard, the parties involved in litigation over the residence were entitled to govern their behavior based on the 2006 foreclosure judgment having been vacated. Countrywide retained the original note and mortgage and had the right to engage in further negotiations regarding the disposition of the property, perhaps reaching an accord with the debtor; it could also assign the mortgage as it did to BOA. Indeed, the residence was sold and eventually bought by Abpaymar, LLC, who was aware that the 2006 foreclosure judgment was vacated and that the subsequent purchaser, BOA, could potentially initiate an action on the note and mortgage.

Foreclosure actions are within the jurisdiction of the circuit courts. *See Alexdex Corp. v. Nachon Enters., Inc.*, 641 So. 2d 858, 861 (Fla. 1994); Art. V, § 5(b), Fla. Const. The trial court thereby had subject matter jurisdiction over this foreclosure action brought by BOA as possessor of the note and mortgage on the residential property. Because the trial court erred in refusing to give effect to the 2011 order vacating the final judgment, its order dismissing BOA's action for lack of jurisdiction is reversed and the case remanded for further proceedings.

REVERSE and REMAND for further proceedings.

MAKAR, WALLIS, and JAY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---